UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 19-cv-12736 |
| ) | |
| v. ) | **JOINT STIPULATION** |
| ) | **REGARDING** |
| ) | **CASE MANAGEMENT** |
| **CITY OF TROY, MICHIGAN** ) | **AND DISCOVERY** |
| ) | |
| Defendant. ) | |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and after a meet-and-confer conference, Plaintiff United States of America and Defendant City of Troy, Michigan (each a "Party" and collectively, the "Parties") have entered into this Joint Stipulation Regarding Case Management and Discovery ("Stipulation") to reduce the time, expense, and other burdens of discovery of documents, things, and electronically stored information ("ESI"); to promote the early resolution of disputes regarding ESI without Court intervention; and to govern discovery obligations in this action.

I.   **COOPERATION**

The Parties are aware of the importance the Court places on cooperation and proportionality, and they commit to cooperate in good faith throughout the matter consistent with this Court's Model Order Relating to the Discovery of ESI.

## II. SUBJECT AND SCOPE OF DISCOVERY

The United States filed its Complaint against the City of Troy ("City of Troy" or "Troy") on September 19, 2019, alleging claims under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc-2000cc-5. The civil action is specifically based on, and discovery in this case will focus on, Troy's Zoning Ordinance, Troy's treatment of places of worship, Troy's treatment of secular comparators, and on Troy's treatment of Adam Community Center, an Islamic nonprofit corporation.

Discovery will further focus on whether Troy's actions constitute the imposition or implementation of a land use regulation: (1) that imposes a substantial burden on Adam's religious exercise, which burden is not in furtherance of a compelling governmental interest and is not the least restrictive means of furthering such an interest, in violation of RLUIPA, 42 U.S.C. § 2000cc(a)(l), and (2) in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution in violation of RLUIPA, 42 U.S.C. § 2000cc(b)(l).

The United States' Complaint was consolidated by the Court for pretrial purposes with *Adam Community Center v. City of Troy et al*, Case No. 2:18-cv-13481 ("Companion Case"). The Parties will endeavor to efficiently conduct

discovery and avoid duplicating discovery already provided in the Companion Case.

## III. DISCOVERY SCHEDULE

The Court has entered a Scheduling Order (ECF No. 12) establishing the following schedule:

- **Witness Lists Exchanged By:** March 11, 2020
- **Discovery Cutoff:** April 13, 2020
- **Dispositive Motions Filed By:** May 26, 2020
- **Final Pretrial Order Due:** September 8, 2020
- **Final Pretrial Conference:** September 15, 2020 at 2:00 PM
- **Trial Date:** October 6, 2020 at 9:00 AM
- **Estimated Length of Trial:** 1-2 weeks

The Parties additionally agree to abide by the following deadlines in the course of discovery:

- **Non-Expert Fact Discovery Cutoff:** February 11, 2020
- **Expert Reports Due:** March 4, 2020

## IV. DISCOVERY SCOPE AND LIMITATIONS

Unless otherwise stipulated by the Parties or ordered by the Court, the Parties agree to conduct discovery, including numbers of interrogatories and

depositions, consistent with those limitations in the Federal Rules of Civil Procedure. The Parties additionally stipulate that:

1. The United States may obtain discovery about, dating back to, and preceding the City of Troy's imposition of use-specific setback restrictions on places of worship (then called churches), which occurred around 1980.

2. The United States may obtain discovery about, dating back to, and preceding the 2011 Zoning Ordinance modifications that modified the City of Troy's variance process and increased the number of zoning districts that permit places of worship as of right. This includes discovery related to variances sought, either formally or informally, from the City of Troy dating back to the 2011 changes.

3. The United States may depose those individuals deposed in the Companion Case. City of Troy agrees to produce to the United States all documents, ESI, and/or things previously produced by Defendants in the Companion Case as described in § V.C.1.h of this Stipulation.

## V. PRESERVATION AND PRODUCTION OF DOCUMENTS

### A. Preservation

1. The Parties and their counsel agree to take reasonable and proportionate steps to preserve relevant and discoverable documents, things, and ESI within their possession, custody, or control.

2. The Parties agree that by preserving documents, things, and ESI for the purpose of this litigation, they are not conceding that such material is discoverable, nor are they waiving any claim of privilege.

3. This Stipulation does not modify any Party's obligation to maintain and preserve documents, things, and ESI where otherwise required by law, pursuant to a court order or administrative order, or in response to other anticipated litigation.

### B. Limitations on Obligation to Preserve and Produce:

Subject to § V.D.1 of this Stipulation, for purposes of this action, the Parties agree to limit the scope of preservation as described in this section.

1. The Parties agree this Stipulation does not require preservation of the following categories of ESI:

    a. Delivery or read receipts of e-mail;

    b. Logs of calls made to or from mobile devices or landlines with caller ID;

5

    c.    Temporary or cache files, including internet history, web browser cache, and cookie files, wherever located;

    d.    Data in metadata fields that are frequently updated automatically, such as last-opened dates;

    e.    Internally facing server system logs;

    f.    Externally facing or hosted file sharing system logs;

    g.    System data from photocopiers or fax machines;

    h.    Auto-saved copies of electronic documents;

    i.    Deleted, slack, fragmented, or other data only accessible by forensics; and

    j.    Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

2.    When duplicate copies[1] of relevant ESI exist in more than one location, this Stipulation does not require a Party to preserve all duplicates as follows:

    a.    ESI existing or stored on mobile or portable devices (*e.g.*, smartphones, tablets, thumb drives, CDs, DVDs, etc.) or file

---

[1] "Duplicates" in the context of ESI are copies of identical documents identified with matching MD-5 hashes, which is a mathematically-calculated 128 bit value used to create a unique identifier for an electronic file.

        sharing sites does not need to be preserved pursuant to this Stipulation *provided that* duplicate copies of the ESI, including metadata, are preserved in another location reasonably accessible to the Party.

    b.    ESI on backup tapes, continuity of operations or disaster recovery systems, data or system mirrors or shadows, and other systems that are used primarily for the purpose of system recovery or information restoration and are not reasonably accessible ("Backup Systems") need not be preserved pursuant to this Stipulation *provided that* duplicate copies of relevant ESI have been preserved in another reasonably accessible location. However, if a Party knows that relevant ESI exists *only* on a Party's Backup System, the Party will take reasonable steps to preserve ESI on the Backup System until the Parties can agree on how and when the ESI will be preserved or produced. If the Parties cannot reach agreement, they will seek a ruling from the Court.

3.    The Parties agree this Stipulation does not require preservation of relevant documents, things, or ESI created by and exchanged *solely among*: 1) attorneys or staff within the United States Department of Justice; or 2) attorneys or staff of Troy's City Attorney's Office. The

        Parties also agree this Stipulation does not require preservation of relevant documents, things or ESI exchanged *solely between* attorneys and staff of the United States Department of Justice and attorneys and staff for Adam Community Center.

4. The Parties agree not to seek discovery of documents, things, and ESI that they have agreed not to preserve pursuant to § V.B.1-3 of this Stipulation.

5. If there is a dispute concerning the scope of a Party's preservation efforts, and prior to seeking discovery concerning the preservation and collection efforts of another, the Parties agree to confer with the Party from whom the information is sought consistent with the Court's Model Order Relating to the Discovery of ESI.

**C. Identification & Production of Documents, Things and ESI**

1. <u>Production Format</u>

    a. ESI and hard copy documents must be produced on CD, DVD, thumb drive, or hard drive as specified herein.

    b. ESI and other tangible or hard copy documents that are not text searchable need not be made text-searchable.

    c. ESI must be collected and produced in a way that preserves existing metadata.

d. Paper documents must be scanned and unitized as one document per PDF except as provided in § V.C.1.i of this Stipulation for specific types of documents and data.

e. The parties shall endeavor to produce PDFs in black-and-white, unless a black-and-white format would obscure or degrade information (*e.g.*, color-coded graphs or charts, printed photographs, or redlines), in which case the Party will produce a color PDF.

f. Documents must be produced in a manner that clearly reflects attachments, custodial information, and folder/hierarchical structure.

g. If a document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever), each non-identical copy shall be produced as a separate document.

h. Except for native files and those files produced by the City of Troy under § IV.3 of this Stipulation, the Parties will produce responsive documents using Bates stamps with a prefix to indicate the Party producing the documents. The United States will use DOJ___ as a

Bates-stamp prefix and the City of Troy will use TROY__ as a Bates-stamp prefix. For native files on which Bates stamps cannot be added, the Parties will produce the native files with the original file name as well as a spreadsheet index that, for each native file, includes the original file name, production path, and an assigned sequential document identification number. As described in § IV.3 of this Stipulation, the City of Troy agrees to provide the United States with a complete set of all documents, ESI, and/or things produced by Defendants in the Companion Case. The United States understands that these materials lack Bates stamps. The United States agrees to add Bates stamps to these materials using a distinct Bates-stamp prefix, TROY_ACC____. The United States will provide the City of Troy with a copy of these materials that includes Bates stamps. The City of Troy will notify the United States of any objections or corrections to the Bates-stamped copies or numbering scheme within fourteen (14) days of its receipt of such copies. The Parties agree to meet and confer regarding any such written objections or corrections.

    i. <u>Specifications for Specific File Types:</u>

      i. Emails from Microsoft Office will be produced as .pst or .msg files. Emails from Gmail will be produced as .mbox files or add folders containing .mbox files. All other personal emails (e.g., Yahoo, AOL, etc.) will be produced as .mbox or .pst files. The parties agree to meet and confer if issues arise regarding emails from platforms not specified in this subsection.

      ii. Text messages will be produced as screen shots along with information about the recipient name, recipient number, sender name, sender number, and time and date of transmission.

      iii. Audio files and video files should be produced in a format that can be played using Windows Media Player.

      iv. Excel spreadsheets shall be produced as Excel files with all cells unlocked. Other types of spreadsheets shall be produced in the format in which they were created with all cells unlocked.

      v. PowerPoint presentations should be produced as PowerPoint files with all notes unaltered and viewable for each file.

      vi. Microsoft Word documents shall be produced as Microsoft Word files.

    vii.    Adobe Acrobat documents shall be produced as Adobe Acrobat files.

    viii.    Social media content (including comments, "likes," sharing, and other interactions with the post(s)) shall be produced as PDFs, including information about the participants and the date/time of the communications.

    ix.    For production of tangible things and production of information from a structured database, proprietary software, or vendor-managed software, the Parties will meet-and-confer before making any production to attempt to agree on a reasonable and proportional form of production that maintains the integrity of the tangible things or documents.

    x.    Oversized documents (*e.g.*, architectural, engineering, or zoning plans) must be produced as JPEG images or in hard copy paper form to retain the resolution and scale of the original document.

2. <u>Production Specifications</u>

    a.    Without prior written agreement, the Parties will not produce responsive documents via FTP, SFTP, or hosted or commercially available services (*e.g.*, Dropbox.com).

  b. ESI and (scanned) hard copy paper documents must be produced on media—*e.g.*, CD, DVD, thumb drive, or hard drive—appropriate to the data size. Production media will be clearly labeled to indicate (1) the Party producing the documents, (2) the date of the production, and (3) the Bates-range.

  c. If a Party needs to redact a portion of a document for which it intends to produce only in a native file, the Parties will meet and confer regarding production of the redacted document.

  d. The Parties agree to provide passwords or assistance needed to open any ESI produced in password-protected or encrypted files.

  e. It is the responsibility of the Party responding to a discovery request to identify and produce responsive information including ESI. The Parties agree to meet and confer if either Party believes that the use of keyword search criteria or analytic tools should be used to identify responsive ESI.

**D. Privileged Documents, Things and ESI**

 1. If any discovery request appears to call for the production of documents, things or ESI covered by § V.B of this Stipulation, the responding Party is not required to produce or identify such information on a privilege log. However, if a Party preserves relevant

       documents, things, or ESI covered by § V.B of this Stipulation, in order to support a claim or defense in this case, the Party shall produce such information or identify it on a privilege log notwithstanding this subsection.

2. <u>Inadvertent Disclosure of Privileged or Protected Information</u>

   a. The Parties agree that a disclosure of information contained within documents, things, and ESI that is protected by attorney-client privilege, work product protection, common interest privilege, and/or applicable governmental privileges (such as deliberative process) does not operate as a subject matter waiver in this case if: 1) the disclosure is inadvertent; 2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and 3) the holder promptly took reasonable steps to rectify the error.

   b. If the producing Party inadvertently discloses information that it asserts is privileged or protected, it will notify the receiving Party within 14 days of discovery of disclosure and provide the production date, number, and volume of the disc or drive on which the production was produced ("production media"), and the Bates number(s) or Document ID (for native files) of all material that it believes contains the inadvertently disclosed information.

  c. If a production contains information that the receiving Party believes is privileged or protected and was inadvertently produced, it will promptly notify the producing Party and provide the Bates number(s) or Document ID (for native files) of the item it believes was inadvertently produced. Within 14 days after receiving notification, the producing Party may make a written request for return of the material. If the producing Party does not send a written request for return of the material to the receiving Party within 14 days, the producing Party waives all claims of privilege or protection as to the material, but this still does not operate as a subject matter waiver.

  d. When the receiving Party receives a written demand for return of the material, it will make reasonable, good faith efforts to promptly sequester, return, or destroy all inadvertently produced material identified by the producing Party. If copies of inadvertently produced materials are located or stored on the receiving Party's Backup System(s), those copies need not be affirmatively removed but, rather, the receiving Party may overwrite those copies according to its normal records management procedures.

    e.    If the receiving Party must destroy or delete production media (*i.e.,* CD, DVD, or thumb drive) in order to destroy or delete inadvertently produced material, the producing Party will provide a duplicate copy of the production media minus only the inadvertently produced material within 14 days of its written request for return of the material to the receiving Party.

    f.    If the receiving Party intends to challenge the claim of privilege or protection or the inadvertence of the production, it will keep one copy of the inadvertently produced material in a sealed envelope or a sequestered location while seeking a ruling from the Court. Nothing in this Stipulation prevents access by a receiving Party's information technology or security personnel from accessing, in the normal course of their work, systems, or locations where inadvertently produced material is sequestered.

**E. Costs of Document Production**

Each Party shall bear the costs of producing its own documents, things, and ESI.

**VI. MISCELLANEOUS**

    A.    The Stipulation may be executed in counterparts.

B.  The terms of this Stipulation is not exhaustive. Each Party reserves the right to subsequently request to meet and confer to address any discovery matters, including forms of production and other matters not addressed herein.

C.  None of the meet and confer provisions of this Stipulation shall be construed to extend the time within which a Party must respond to a discovery request.

Agreed to by counsel for the Parties:

For the United States:

MATTHEW SCHNEIDER
United States Attorney
Eastern District of Michigan

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief

*/s/ Susan Ackenhausen*
SUSAN K. DECLERCQ
(P60545)
Assistant United States Attorney
Chief, Civil Rights Unit
SHANNON M. ACKENHAUSEN
(P83190)
Assistant United States Attorney
United States Attorney's Office
Eastern District of Michigan
211 W. Fort Street, Suite 2001

*/s/ Abigail Marshak*
TIMOTHY J. MORAN
Deputy Chief
ABIGAIL B. MARSHAK
(NY 5350053)
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
United States Department of Justice
4 Constitution Square / 150 M Street NE
Washington, DC 20530

17

Detroit, Michigan 48226
Phone: (313) 226-9730
Facsimile: (313) 226-3271
Susan.DeClercq@usdoj.gov
Shannon.Ackenhausen@usdoj.gov

Phone: (202) 514-1968
Facsimile: (202) 514-1116
Abigail.Marshak@usdoj.gov

Dated: December 6, 2019

For the City of Troy:

*/s/ with consent of Allan Motzny*
Allan T. Motzny (P37580)
TROY CITY ATTORNEY'S OFFICE
Attorneys for Defendant
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
bluhmlg@troymi.gov
motznyat@troymi.gov

Dated: December 6, 2019

18

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 6, 2019, I electronically filed the foregoing document, Joint Stipulation Regarding Case Management and Discovery, with the Clerk of Court using the ECF system, which will send notification of such filing to counsel of record for Defendant, the City of Troy, Michigan.

*/s/ Abigail B. Marshak*
ABIGAIL B. MARSHAK (NY 5350053)
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
United States Department of Justice
4 Constitution Square
150 M Street NE
Washington, DC 20530
Phone: (202) 514-1968
Facsimile: (202) 514-1116
Abigail.Marshak@usdoj.gov