UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 19-cv-12736 |
| ) | Hon. Nancy G. Edmunds |
| v. ) | Mag. Judge Anthony P. Patti |
| ) | |
| ) | |
| **CITY OF TROY, MICHIGAN** ) | |
| ) | |
| Defendant. ) | |

## REPLY IN SUPPORT OF THE
## UNITED STATES' MOTION TO COMPEL DISCOVERY

On May 26, 2020, the United States filed a Motion to Compel based on the City of Troy's failure to produce documents relevant to the United States' claims under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*. Dkt. 29. Defendant City of Troy's Response to United States' Motion to Compel Discovery ("Opposition") relies on two global objections to oppose the United States' requests: (1) the United States' discovery requests "are not relevant to [its] claims" and (2) "the City does not have the staff or resources available to produce all the information requested[.]" Dkt. 32 at 2.

Troy's objections suffer from two fundamental errors. First, Troy's relevancy objections rely on a mischaracterization of the United States' claims and

1

RLUIPA's legal framework. Second, Troy provides insufficient support to substantiate any claim of burden in production.

Because the United States' discovery requests are relevant to its claims, Troy failed to sufficiently respond to the United States' discovery requests,[1] and the importance of the requested discovery outweighs its burden of production, the United States requests that the Court grant its Motion to Compel.

### I. Troy's Relevancy Objections Mischaracterize the United States' Claims and RLUIPA's Legal Framework

Troy objected to Request Nos. 11, 12, 17, 18, 19, 22, 23, 24, 28, 30, 32, 33, and 34 on relevancy grounds. In its Opposition, Troy's description of the United States' claims and their legal framework makes clear that Troy's relevancy objections are based on an inaccurate understanding of each.[2]

Troy's Opposition incorrectly suggests that the United States' claims are limited to the City's dealings with Adam Community Center ("Adam"), Dkt. 32 at 9, and only implicate two provisions of its Zoning Ordinance, Dkt. 32 at 4, 7. The United States' Complaint includes two counts. In Count I, the United States alleges that Troy imposed an unjustified substantial burden on Adam's exercise of religion

---

[1] The United States outlined Troy's deficient responses in its Motion to Compel and will not replicate those descriptions here.

[2] The United States explained each request's relevancy in its Motion to Compel, Dkt. 29 at 14-23, and other than to correct City errors, will not replicate those explanations here.

when it denied Adam's variance requests, 42 U.S.C. § 2000cc(a)(1) ("substantial burden claim"). Dkt. 1 at ¶ 77. In Count II, the United States alleges that Troy violated RLUIPA's equal terms provision by (1) treating Adam on less than equal terms as secular assembly places when it denied Adam's variance request, *id*. § 2000cc(b)(1) ("as applied equal terms claim"), and (2) requiring *all* religious assemblies to abide by more onerous setback and parking requirements than secular assemblies in *any* zoning district and by requiring religious assemblies to seek special use approval in one of its zoning districts, *id.* ("facial equal terms claim"). Dkt. 1 at ¶ 79. Contrary to Troy's assertions, the zoning provisions implicated in the United States' equal terms claims include those related to permitted uses, nonconforming structures, and variances, as well as setback and parking requirements. Dkt. 1 at ¶¶ 26, 32-33, 62-74. The facial equal terms claim also extends beyond the City's treatment of Adam and relates to its treatment of *all* religious assemblies throughout Troy. *Id*. at ¶¶ 62-74. Thus, the United States is entitled to discovery relating to more entities than just Adam and more regulations than just those related to setbacks and variances.

Troy's Opposition also overly simplifies the legal framework for RLUIPA's substantial burden and equal term claims. These simplifications reflect incorrect legal standards that conveniently reduce the scope of discovery and cause Troy to erroneously assert that requested documents are irrelevant.

3

First, Troy incorrectly states that the second and third parts of a substantial burden inquiry – whether the burden "(A) is in furtherance of a compelling governmental interest; and (B) is the least restrictive means of furthering that compelling governmental interest," 42 U.S.C. § 2000cc(a)(1) – "only requires a review of the provisions of the land use regulations in question." Dkt. 32 at 11. However, the City's rationale for denying Adam's variance request – not simply the "regulation in question" – is the relevant interest to which discovery is appropriate.[3] Additionally, substantial burden litigation frequently centers on whether a purported interest is compelling, *see, e.g., Cottonwood Christian Ctr. v. Cypress Redevelopment Agency*, 218 F. Supp. 2d 1203, 1228 (C.D. Cal. 2002); *Westchester Day Sch. v. Vill. of Mamaroneck*, 504 F.3d 338, 353 (2d Cir. 2007), which encompasses an assessment of a purported interest's legitimacy, *id.*, including the City's historical protection of that interest, *see, e.g., Grace Church of N. Cty. v. City of San Diego*, 555 F. Supp. 2d 1126, 1140-41 (S.D. Cal. 2008). Thus, the United States' discovery geared towards identifying any purported governmental interest, evaluating the interest's legitimacy, and ascertaining whether the City considered less restrictive alternatives to the variance denial is all

---

[3] Troy's Opposition additionally suggests that only information contained on the public record is relevant to the United States' claims. *See, e.g.*, Dkt. 32 at 5, 10, 19. This suggestion defies logic, particularly where internal memos and communications could evidence Troy's rationale for its decisions.

4

relevant to evaluate whether Troy violated RLIUPA's substantial burden provision.[4]

Second, Troy misrepresents RLUIPA's equal terms inquiry into whether a secular assembly is similarly situated to a religious assembly as "simply a legal issue that can be determined based on the language of the applicable ordinance provisions[.]" Dkt. 32 at 11. Caselaw on RLUIPA's equal terms claims, however, demonstrates that a fact-specific inquiry is necessary to identify comparators that are similarly situated with regard to "the legitimate zoning criteria set forth in the municipal ordinance in question." *Tree of Life Christian Sch. v. City of Upper Arlington, Ohio*, 905 F.3d 357, 369 (6th Cir. 2018), *cert. denied*, No. 18-944, 2019 WL 266873 (2019). Thus, the evaluation must go beyond simply the language of the particular ordinance and address the specific facts involved in the underlying rationale for, and what secular assemblies have a comparable impact on, that zoning criteria. *See, e.g., Tree of Life*, 905 F.3d at 376; *Yetto v. City of Jackson*, No. 1:17-CV-01205, 2019 WL 454603, *11 (W.D. Tenn. Feb. 5, 2019). Indeed, Troy's Answer, which challenges the existence of any similarly situated comparators, Dkt. 8 at ¶ 63, reflects that documents and other information

---

[4] The United States' assertions in its Motion to Compel that discovery requests are relevant to determining whether Troy imposed a substantial burden on Adam incorporate parts two and three of the substantial burden inquiry.

evidencing whether secular assemblies are similarly situated to Adam specifically, and to religious assemblies generally, will play a central role in this litigation.

### II. Troy Provided Insufficient Support to Establish an Excessive Burden of Production Outweighing the United States' Interest in Discovery

In its Opposition the City asserts that its Planning Department informed counsel "that it did not have the resources or the staff to locate and gather additional information being requested." Dkt. 32 at 7. For the first time in its Opposition the City included an affidavit related to its claim of excessive burden. Dkt. 32, Exh. A. However, other than for a single request, which the City claims involved a "several hour[]" search, *id. at* ¶ 11, the City did not detail information specific to any of the other requests "showing that the information sought is not reasonably accessible," *Cratty v. City of Wyandotte*, 296 F. Supp. 3d 854, 859 (E.D. Mich. 2017), such as information regarding how a search was conducted, the number of anticipated hours a search would take, a search's expense, the available resources to conduct a search, or any other evidence to substantiate the purported burden of responding to each request. This falls short of what the City needs to show in order to succeed on an excessive burden objection, *see id., see also* Dkt. 29 at 8-10. And even if Troy provided sufficiently detailed evidence to support a burden of production, production should nonetheless be compelled considering the requested documents' relevancy, *see* Dkt. 29 at 14-23, the fact that many requested documents are in Troy's sole possession, *see id.*, and the nature of the United

States' claims, *see, e.g.,* Hon. Elizabeth D. Laporte, Jonathan M. Redgrave, *A Practical Guide to Achieving Proportionality Under New Federal Rule of Civil Procedure 26*, 9 Fed. Cts. L. Rev. 19, 60 (2015) ("a civil rights case may involve small damages but implicate an important legal right, and obtaining broad discovery may be critical to proving the claim").

Respectfully Submitted,

| | |
|---|---|
| MATTHEW SCHNEIDER<br>United States Attorney<br>Eastern District of Michigan | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division |
| | SAMEENA SHINA MAJEED<br>Chief |
| */s/ Susan DeClercq*<br>SUSAN K. DECLERCQ<br>(P60545)<br>Assistant United States Attorney<br>Chief, Civil Rights Unit<br>SHANNON M. ACKENHAUSEN<br>(P83190)<br>Assistant United States Attorney<br>United States Attorney's Office<br>Eastern District of Michigan<br>211 W. Fort Street, Suite 2001<br>Detroit, Michigan 48226<br>Phone: (313) 226-9730<br>Facsimile: (313) 226-3271<br>Susan.DeClercq@usdoj.gov<br>Shannon.Ackenhausen@usdoj.gov | */s/ Abigail Marshak*<br>TIMOTHY J. MORAN<br>Deputy Chief<br>ABIGAIL B. MARSHAK<br>(NY 5350053)<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>United States Department of Justice<br>4 Constitution Square / 150 M Street NE<br>Washington, DC 20530<br>Phone: (202) 514-1968<br>Facsimile: (202) 514-1116<br>Abigail.Marshak@usdoj.gov |

Dated: June 16, 2020

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 16, 2020, I electronically filed the foregoing document, Reply in Support of the United States' Motion to Compel Discovery, with the Clerk of Court using the ECF system, which will send notification of such filing to counsel of record for all parties.

*/s/ Abigail B. Marshak*
ABIGAIL B. MARSHAK (NY 5350053)
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
United States Department of Justice
4 Constitution Square
150 M Street NE
Washington, DC 20530
Phone: (202) 514-1968
Facsimile: (202) 514-1116
Abigail.Marshak@usdoj.gov