# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 19-cv-12736 |
| ) | Hon. Nancy G. Edmunds |
| v. ) | Mag. Judge Anthony P. Patti |
| ) | |
| ) | |
| **CITY OF TROY, MICHIGAN** ) | |
| ) | |
| Defendant. ) | |

## STIPULATION AND ORDER RESOLVING MOTION TO COMPEL DISCOVERY

Counsel for the parties certify that on June 17, 2020, from 9:30 a.m. to 12:30 p.m., they met via WebEx video conference, and on July 10, 2020, they met via telephone, in a good-faith attempt to resolve the disputed issues from the United States' Motion to Compel Discovery, Dkt. 29, in accordance with E.D. Mich. LR 37.1. As a result of the meetings the parties agreed to actions that, if abided by, would resolve all those issues contained in the United States' Motion to Compel. The parties, through this Stipulation and Proposed Order, stipulate to the following:

To resolve the United States' Motion to Compel Discovery, Dkt. 29, the City of Troy, Michigan, will complete the following no later than July 31, 2020:

1

1. <u>Issue No. 1</u>: Troy will take reasonable measures to obtain responsive documents from any source within its "possession, custody, or control," or attest that such documents do not exist following a search. This includes requesting and obtaining documents from the ZBA, the Planning Commission, and the City Council.

2. <u>Issue No. 2</u>: Troy will specify whether documents were withheld in response to Request Nos. 11, 12, 17, 18, 19, 21, 22, 23, 24, 28, and 31.

3. <u>Issue No. 3</u>: Troy will specify responsive documents in connection with Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, and 14.

4. <u>Issue No. 4</u>: In response to Request No. 16, Troy will provide versions of its Zoning Ordinance and Master Plan that reflect the period immediately following: (1) when Troy first implemented Section 6.21 imposing use-specific setback and parking restrictions for places of worship; (2) when Troy first used the term "place of worship" within its Zoning Ordinance; (3) when Troy's current non-use variance process first went into effect; and (4) when Troy first allowed places of worship in non-residential zoning districts.

5. <u>Issue No. 5</u>: In response to Request No. 25, Troy will search for and provide sufficient information to allow the United States to obtain records related to a 1987 legal challenge to Troy's setback provisions on places of worship. If

Troy is unable to provide such information, Troy agrees not to rely on or refer to such legal proceeding in the course of this litigation.

6.  <u>Issue No. 6</u>: In response to Request No. 27, Troy will obtain from its Planning Department and provide to the United States a detailed explanation of how or whether the City considers changes in tenancy, ownership, or management for nonconforming structures under Zoning Ordinance Section 14.06. Based on this explanation, Troy will provide documents evidencing the City's consideration of a change under the Section related to nonconforming structures or, if documents do not exist, confirm that such documents do not exist.

7.  <u>Issue No. 7</u>: In response to Request Nos. 10, 11, and 12, Troy will search for and produce emails – including internal emails – as detailed in each request. Counsel for Troy will specifically instruct individual members of Troy's Zoning Board of Appeals and Planning Department to search their email, including personal email addresses, for responsive communications.

8.  <u>Issue No. 8</u>: In response to Request No. 17 Troy will provide all documents, including internal correspondence, memorandum, drafts, and reports, and other documents considered in connection with Troy's implementation of its current regulations dictating (1) that places of worship are allowed as of right in non-residential districts; and (2) that places of worship require special approval and primary and secondary schools, fine and performing art facilities, and post-

3

secondary schools are allowed as of right, in the CF district. If said documents are available online, Troy will direct the United States to the specific URLs for each of those documents responsive to these requests that exist online in lieu of producing the documents. Troy will also provide all documents, including internal correspondence, memorandum, drafts, and reports, and other documents, including and pertaining to petitions, applications, or requests for changes to or exceptions from land use regulations by places of worship dating back to when they were first subject to the 50-foot setback restriction. *See* Issue No. 12.

9. Issue No. 9: In response to Request No. 18 Troy will provide all documents, including internal correspondence, memorandum, drafts, and reports, and other documents considered in connection with Troy's implementation of its current non-use variance process adopted in 2011. If said documents are available online, Troy will also direct the United States to the specific URLs for each of those documents responsive to these requests that exist online in lieu of producing the documents.

10. Issue No. 10: In response to Request No. 19 Troy will provide all documents, including internal correspondence, memorandum, drafts, and reports, and other documents considered in connection with Troy's implementation of its current regulations dictating parking and setback restrictions for those secular places allowed as of right in those districts that also allow places of worship as of

right (i.e., how the zoning criteria was established). If said documents are available online, Troy will also direct the United States to the specific URLs for each of those documents responsive to these requests that exist online in lieu of producing the documents.

11. <u>Issue No. 11</u>: Troy will provide all documents dating back to 2011 sought through Request No. 32 by searching City records for each listed address, which the parties stipulate will also satisfy the United States' Request No. 22. In the course of its search for documents responsive to Request No. 32, Troy will search for and, if they exist, provide documents responsive to Request No. 33. *See* Issue No. 6.

12. <u>Issue No. 12</u>: Troy will provide all documents, dating back to when places of worship were first subject to the 50-foot setback restriction, sought through Request Nos. 23 and 34. *See* Issue No. 8.

13. <u>Issue No. 13</u>: Troy will provide all documents sought through Request No. 24 from 2011 to the present.

14. <u>Issue No. 14</u>: In response to Request No. 28, Troy will provide all documents received by or created by the City pertaining to 3635 Rochester Road, including from past applicants and tenants.

15. <u>Issue No. 15</u>: In response to Request No. 30, Troy will provide complaints related to specific addresses identified by the United States in Request Nos. 32 and 33, along with 100 E. Maple and 3838 Livernois.

16. <u>Issue No. 16</u>: In response to Request No. 31, Troy will provide all documents – including documents not on the public record – related to its Zoning Board of Appeals, Planning Commission, and City Council's consideration of Woodside Bible Church. If said documents are available online, Troy will also direct the United States to all specific URLs for each of those documents responsive to this request that exist online in lieu of providing the documents.

**SO ORDERED.**

Dated: July 15, 2020          s/Anthony P. Patti
                              Anthony P. Patti
                              United States Magistrate Judge

Respectfully Submitted,

**For Plaintiff the United States:**

| | |
|---|---|
| MATTHEW SCHNEIDER<br>United States Attorney<br>Eastern District of Michigan | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division |
| | SAMEENA SHINA MAJEED<br>Chief |
| */s/ Susan DeClercq*<br>SUSAN K. DECLERCQ<br>(P60545)<br>Assistant United States Attorney<br>Chief, Civil Rights Unit<br>SHANNON M. ACKENHAUSEN<br>(P83190)<br>Assistant United States Attorney<br>United States Attorney's Office<br>Eastern District of Michigan<br>211 W. Fort Street, Suite 2001<br>Detroit, Michigan 48226<br>Phone: (313) 226-9730<br>Facsimile: (313) 226-3271<br>Susan.DeClercq@usdoj.gov<br>Shannon.Ackenhausen@usdoj.gov | */s/ Abigail Marshak*<br>TIMOTHY J. MORAN<br>Deputy Chief<br>ABIGAIL B. MARSHAK<br>(NY 5350053)<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>United States Department of Justice<br>4 Constitution Square / 150 M Street NE<br>Washington, DC 20530<br>Phone: (202) 514-1968<br>Facsimile: (202) 514-1116<br>Abigail.Marshak@usdoj.gov |

Dated: July 15, 2020

**For Defendant City of Troy:**

*/s/ with consent of Allan Motzny*
Lori Grigg Bluhm (P46908)
Allan T. Motzny (P 37580)
City of Troy City Attorney's Office
500 W. Big Beaver Rd.
Troy, MI 48084
(248) 524-3320
Bluhmlg@troymi.gov
MotznyAT@troymi.gov

Dated: July 15, 2020