UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-cv-12736 |
| | ) | Hon. Nancy G. Edmunds |
| v. | ) | Mag. Judge Anthony P. Patti |
| | ) | |
| | ) | |
| **CITY OF TROY, MICHIGAN**, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Troy's Response, ECF No. 48, does not establish any dispute of material fact. Instead, it simply attempts to obscure clear RLUIPA violations. For the reasons stated in its opening brief and below, the United States requests that the Court grant its Motion for Summary Judgment in full.

**I.    The United States Has Standing to Pursue Its RLUIPA Claims**

Troy argues that the United States cannot assert its Substantial Burden or Equal Terms claims because Adam Community Center ("Adam") lacks a property interest in 3635 Rochester Rd. ("the Property"). ECF No. 48, PageID.2520-2521. Troy is wrong. RLUIPA broadly defines the property interest that a claimant must have to assert that a land use regulation substantially burdens its religious exercise, to include any "ownership, leasehold, easement, servitude, or other property interest

1

in the regulated land or a contract or option to acquire such an interest." 42 U.S.C. § 2000cc-5(5). The attached exhibits, produced during discovery, demonstrate that Adam has maintained an interest in the Property since April 2018, when it entered into a purchase agreement.[1] Exhibit A - Purchase Agreement. After Troy's variance denial, Adam assigned its right to purchase to Haji Alliance, a corporate entity owned by Adam members. Exhibit B – Assignment; ECF No. 45-19, PageID.1855, Syed Decl. ¶ 26. Adam then secured and, as needed, renewed an option to lease the Property from Haji Alliance. Exhibit C - Option Agreements; ECF No. 45-20, PageID.1857-1858. While the nature of Adam's property interest has changed over the years as it has waited to operate a place of worship there, it is undisputed that it has maintained the requisite interest in the Property at all relevant times.[2]

Moreover, the United States' claims are not limited to the treatment of Adam; it has alleged a facial violation based on the terms of Troy's Zoning Ordinance ("ZO"). RLUIPA gives the United States independent authority to bring claims and favors broad construction of its provisions to allow for the maximum protection of religious exercise. 42 U.S.C. §§ 2000cc-2(f), 2000cc-3(g). The United States can therefore pursue its facial Equal Terms claim regardless of Adam's property interest.

---

[1] Without basis in law or fact, Troy incorrectly implies that a corporate officer like Dr. Amin cannot sign documents on Adam's behalf. ECF No. 48, PageID.2521.
[2] This Court previously rejected Troy's standing argument, holding that any legally cognizable property interest is sufficient to establish standing. *Adam Cmty. Ctr. v. City of Troy,* 381 F. Supp. 3d 887, 904 (E.D. Mich. 2019).

## II. This Court Should Grant Summary Judgment to the United States on its Facial Equal Terms Claim

Troy's unequal treatment of places of worship in its ZO is not disputed. Troy has unambiguously acknowledged that setback and parking standards[3] are "more strict" and "more restrictive" for places of worship than nonreligious assemblies. *See* ECF No. 46, PageID.2124; ECF No. 45, PageID.1279, ¶ 6. Likewise, Troy's Response acknowledges its unequal treatment of places of worship in its Community Facilities ("CF") district. ECF No. 48, PageID.2523.

Troy has failed to point to any facts that justify singling out places of worship for unequal treatment. Troy's Response appears to conflate the legal standards for Equal Terms and Substantial Burden claims.[4] *Id.* at PageID.2522. To establish an Equal Terms violation, the United States need only identify nonreligious comparator(s) that are similarly situated with respect to legitimate zoning criteria and treated better than religious ones; once the United States has made that showing, Troy may avoid summary judgment only if it rebuts each comparator with specificity. *Tree of Life Christian Schs. v. City of Upper Arlington*, 905 F.3d 357, 368-71, 373 (6th Cir. 2018).

Troy has not specifically rebutted any of the comparators identified by the

---

[3] "Setback and parking standards" have the same meaning as defined in ECF No. 45.
[4] Troy suggests that unequal treatment could be justified as the "least restrictive regulation" or by a "compelling government interest." *Id*. at PageID.2522.

3

United States – conference, meeting, and banquet facilities; funeral homes; fine and performing art facilities; primary and secondary schools; restaurants; and theaters and places of assembly.[5] While Troy advanced several purported zoning criteria – traffic congestion, parking safety, and impacts on adjacent properties – it failed to marshal any evidence to show that places of worship in Troy have uniquely negative effects with respect to these criteria.[6] The general setback and parking standards in each district are already designed to mitigate negative impacts from comparators on neighboring properties and traffic, yet Troy holds places of worship to a more restrictive standard. *See* ECF No. 45-2, PageID.1352, Savidant Tr. 167:12-22.

The conclusory statements of Troy officials about their experience with "significant negative impacts" caused by mega-churches cannot defeat summary judgment. *See* ECF No. 48, PageID.2515; *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009) ("Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment."). And

---

[5] Troy's attacks on Alan Weinstein's expert analysis are baseless. *See* ECF No. 48, PageID.2514. Mr. Weinstein's report sets forth his qualifications and clearly shows his consideration of the "purpose" in § 1.03 of Troy's ZO when analyzing similarly-situated comparators. *See* ECF No. 45-12, PageID.1715-1716, 1736-1737. Further, Troy does not identify any nuance of Michigan zoning law that would influence the outcome of this case.

[6] As explained in the United States' opening and response briefs, places of worship and all comparators generate noise, light, and exhaust fumes in parking areas; have concentrated periods of time when attendees arrive and leave; and can operate a number of accessory uses. *See* ECF No. 45, PageID.1293-1296; ECF No. 50, PageID.2891-2897.

in any event, the number and size of existing places of worship in Troy does not justify discriminatory treatment of new places of worship seeking to establish themselves there. *See* ECF No. 50, PageID.2900-2902.

Moreover, local governments do not have, as Troy asserts, "discretion in determining what constitutes equal treatment." ECF No. 48, PageID.2526. Troy is not entitled to disregard federal civil rights laws by divining congressional intent that would grant it unfettered discretion. *See United States v. City of Parma*, 661 F.2d 562, 575 (6th Cir. 1981) (finding ordinance violated the Fair Housing Act and the "general right of local communities to control land use by zoning ordinances and regulations is not an issue in this case"); *see also Moore v. City of E. Cleveland*, 431 U.S. 494, 499-500 (1977) (holding that *Euclid*'s suggestion of local deference does not require deference to intrusions on liberties protected by the Due Process Clause). RLUIPA was enacted specifically to check abuses of such discretion. *See* 146 Cong. Rec. 16698 (Joint Statement). The bottom line is that if Adam was a nonreligious community center, Troy's ZO would allow it to operate under general setback and parking standards, but its religious exercise triggers stricter standards. That is the very definition of an Equal Terms violation.

Furthermore, Troy's Response put forward no zoning criteria at all to support its unequal treatment of places of worship in the CF district, which allows nonreligious institutions as of right while requiring places of worship to obtain a

5

special use permit. Therefore, the United States is also entitled to summary judgment on this prong of its facial Equal Terms claim. *See Dorman v. Charter Twp. of Clinton*, No. 15-CV-12552, 2019 WL 3322352, at *3 (E.D. Mich. July 24, 2019).

### III. This Court Should Grant Summary Judgment to the United States on its Substantial Burden Claim

Troy's Response indicates that it fundamentally misunderstands the United States' Substantial Burden claim, the law, and the relevant facts. Here again, Troy applies an incorrect legal standard — claiming that coercion is required. *See* ECF No. 48, PageID.2530; ECF No. 50, PageID.2907-2908. Troy also ignores its burden under the appropriate standard, making no effort to rebut the United States' prima facie case by asserting a compelling interest or disputing that it had less restrictive means. *See* 42 U.S.C. §§ 2000cc(a)(1), 2000cc-2(b); ECF No. 45, PageID.1302-1306. And none of the arguments set forth by Troy refute the prima facie case that Adam's religious exercise was substantially burdened.

Contrary to Troy's assertions, the United States is not challenging its ZO under the Substantial Burden framework, nor is it alleging a substantial burden simply because there are no mosques in Troy. *See* ECF No. 48, PageID.2528-2529. The ZBA's variance denial imposed a substantial burden because it prevented Adam from using the Property as a place of worship, and Adam has no other location where all of its members can come together as one congregation to engage in the full range of religious activities that are central to their faith. *See* ECF No. 45, PageID.1298-

1300. It is undisputed that Adam does not have access to another suitable property, and Troy has not shown that any specific property is currently available or was available at the time Adam applied for a variance. Troy's argument that Adam could renovate the Property, ECF No. 48, PageID.2532, relies on its Planning Director's unsupported statements, an unproduced "sketch," and mischaracterizations of Dr. Amin's testimony. *See* ECF No. 50, PageID.2912-2914. Troy's statement that it allows places of worship in 97% of the city, ECF No. 48, PageID.2515, is fatally misleading, and unrebutted evidence shows that the supposed alternatives are unavailable, unsuitable, or would require additional zoning approval. *Id.*

Troy's suggestion that Adam members should abandon their congregation and simply join another one only highlights the burden on Adam's religious exercise. *See* ECF No. 48, PageID.2531-2532. Attending another mosque is far more than an "inconvenience" – it frustrates Adam's religious exercise because of the proximity required for five daily congregational prayers and the importance of worshiping with their own community. ECF No. 50, PageID.2916; ECF No. 45, PageID.1283, ¶ 15.

Troy also has not shown that Adam's burden was self-imposed. *See generally* ECF No. 48, PageID.2532-2534. The fact that Adam knew the Property did not comply with ZO § 6.21 is not enough. If it were, then no variance applicant could ever establish a substantial burden, a position unsupported by caselaw. *See, e.g.*, *DiLaura v. Twp. of Ann Arbor*, 112 F. App'x 445 (6th Cir. 2004). Troy's reliance on

7

*Andon, LLC v. City of Newport News*, 813 F.3d 510 (4th Cir. 2016) is misplaced; unlike this case, in *Andon*, the city's explicit statement that it would deny plaintiff's application undercut a reasonable expectation of success. *See also* ECF No. 50, PageID.2909. Additionally, whether or not Adam's use was nonconforming is irrelevant to its expectation of success given the Property's historical use as a large restaurant that hosted banquets, as Adam did not propose a change in intensity of use. *See* ECF No. 45, PageID.1284-1286, ¶¶ 19, 24.

Accordingly, this Court should grant Summary Judgment to the United States on both its Substantial Burden and facial Equal Terms claims.

Respectfully submitted,

| | |
|---|---|
| */s/ Shannon M. Ackenhausen* | */s/ Katherine A. Raimondo* |
| SUSAN K. DECLERCQ | TIMOTHY J. MORAN |
| (P60545) | Deputy Chief |
| Assistant United States Attorney | ABIGAIL B. MARSHAK |
| Chief, Civil Rights Unit | (NY 5350053) |
| SHANNON M. ACKENHAUSEN | KATHERINE A. RAIMONDO |
| (P83190) | (DC 985157) |
| Assistant United States Attorney | Trial Attorneys |
| United States Attorney's Office | Housing and Civil Enforcement Section |
| Eastern District of Michigan | Civil Rights Division |
| 211 W. Fort Street, Suite 2001 | United States Department of Justice |
| Detroit, Michigan 48226 | 4 Constitution Square / 150 M Street NE |
| Phone: (313) 226-9730 | Washington, DC 20530 |
| Facsimile: (313) 226-3271 | Phone: (202) 514-1968 |
| Shannon.Ackenhausen@usdoj.gov | Facsimile: (202) 514-1116 |
| | Katherine.Raimondo@usdoj.gov |

*Attorneys for the United States*

Dated: January 27, 2021

## **CERTIFICATION OF SERVICE**

I hereby certify that on January 27, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record:

>*/s/ Fatima Elzhenni*
>Legal Assistant
>United States Attorney's Office
>for the Eastern District of Michigan

1