UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,   Civil Action No. 19-12736
v   District Judge Nancy G. Edmunds

CITY OF TROY,
    Defendant.
_____/

**DEFENDANT'S REPLY TO UNITED STATES RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**REPLY TO INTRODUCTION**

When Congress enacted RLUIPA, it was not the intent of the Act to *"…provide religious institutions with immunity from land use regulation…"* 146 Cong Rec 16700 (2000).

**REPLY TO ARGUMENT**

**I.   USA's COMPARATORS ARE NOT SIMILARLY SITUATED**

USA argues Troy violates RLUIPA because places of worship are required to pursue special use requests in the CF zoning district while other uses are permitted as of right, and because other uses have setback and parking requirements that differ from those applied to places of worship. The dispositive question is whether the other uses are similarly situated. Troy has demonstrated that based on its experience with the significant negative impacts caused by places of worship, as described in the testimony and

1

affidavit of the City's Planning Director Brent Savidant, and the testimony of City Manager and former Planning Director Mark Miller, it is evident that places of worship in Troy are not similarly situated to any of the places of assembly or institutions the USA claims are treated more favorably. USA argues that if any of its comparators "could" be similar, then that is sufficient to prove an equal terms RLUIPA violation.  The cases cited by USA, in addition to being unpublished or from a different circuit, do not support this argument. *Digrugilliers v Indianapolis,* 506 F3d 612 (CA7, 2007) was an appeal from a district court decision denying a preliminary injunction.  The Court did not conduct any analysis as to what constitutes a similarly situated comparator, it merely remanded the case on the basis the plaintiff's claim "*might"* have some merit. *Id,* 218. Likewise, in *Redemption Cmty Church v City of Laurel,* 333 F Supp 3d 521 (D Md, 2018), the Court merely determined the plaintiff sufficiently pled the City treated secular institutions on less than equal terms, which was enough to defeat a Rule 12(b)(6) motion.  *Id,* 533.  In *New Life Ministries v Charter Twp of Mount Morris,* 05-CV-74339, 2006 WL 2583254 (ED Mich, 2006), unlike the present case, the Township admitted it allowed *"similar places of assembly"* in a zoning district where places of worship were not allowed. *Id,* p 4.  Moreover, the Township did not even address the plaintiff's equal terms RLUIPA claim.  *Id,* p 5. In *Hunt Valley Baptist Church,*

*Inc v Baltimore Cty,* Case No. SAG-17-0804, 2020 WL 618662 (D Md, 2020) the Court never concluded the alleged comparators were similarly situated because the case was decided under Rule 12(b)(6). The Court only determined the Plaintiff alleged sufficient facts to state a claim. *Id,* 32.

USA also argues, relying on *Christian Fellowship Ctrs of NY, Inc v Vill of Canton,* 377 Supp 36 146 (ND NY, 2019), the City's concern with promoting the safety of those who attend places of worship does not justify Troy's ordinance provisions. USA's reliance on that case is misplaced. In that case, the Village excluded places of worship from a zoning district to protect it from the problems associated with liquor outlets that were allowed in the district. The Court merely concluded the Village's reason for the different treatment of places of worship was not compelling. The Court did not decide or analyze whether the institutions allowed in the district were "similarly situated." Instead, the Court ruled the ordinance did not meet the strict scrutiny standard. *Id,* 164. In the present case, the strict scrutiny analysis is not necessary because the institutions the USA claims are appropriate comparators are not similarly situated.

USA also claims there is no justification for Troy's setback requirements because the Gerendasy report indicates that homes adjacent to places of worship that are nonconforming (closer than 50 feet) have property values

3

consistent with homes that are not adjacent to places of worship. However, at his deposition (See Ex 1), Gerendasy admitted this was not always the case and he did not verify whether the places of worship in his study had ancillary uses. Gerendasy Tr, p 46, lines 16-20, p 47, lines 4-7, p 59, lines 5-8, p 63, lines 1-4, p 31, lines 23-23. Moreover, the Gerendasy report is not relevant because "increased" property values is not a purpose of the zoning ordinance.

## II.   The Denial of Adam's Variance Did Not Violate RLUIPA's Equal Terms Provision

The USA has not established the ZBA treated Adam any differently than any other similarly situated applicant seeking dimensional zoning variances. Although Plaintiff's expert Alan Weinstein claims the ZBA granted 35 of 39 request for setback variances for secular institutions, Weinstein Rep, p 29, there is no proof those institutions were similarly situated to places of worship. Weinstein also claims the ZBA granted "substantial" variances for 13 other entities. Weinstein Rep, pp 26-27. However, if you look at the variances noted in Weinstein's report, it is evident that only one variance was granted in each of those situations. *Id.* The variances requested by Adam were "quite substantial" (Weinstein Rep, p 29) and, unlike the variance applicants referenced in Weinstein's report, Adam was seeking multiple variances.

In addition to the fact there is no proof the ZBA treated Adam any differently than any other similarly situated institution, there is another reason

4

the USA's claim must fail. To pursue a RLUIPA claim under 42 U.S.C. § 2000cc(a) or (b), the claimant must show a challenged land use regulation was "imposed or implemented" by a "government."  Troy's ZBA was established in accordance with Article VI of the Michigan Zoning Enabling Act (MZEA), MCL 125.3601 *et seq.* and Article 15 of the Zoning Ordinance. Pursuant to MCL 125.3601(6) and Section 15.02 2 of the ordinance, ZBA members are not City employees. The ZBA is a quasi-judicial body that hears variance requests, makes interpretations, and hears appeals from administrative decisions.  Neither the MZEA nor the zoning ordinance give the ZBA the authority to create or enforce any law.  Since the ZBA does not impose or implement any land use regulation, USA's RLUIPA claims based on the actions of the ZBA must be dismissed.

## III.     THERE IS NO EVIDENCE OF A SUBSTANTIAL BURDEN

The Sixth Circuit has determined that in order for a RLUIPA plaintiff to establish a substantial burden, it must prove the imposition of a land use regulation was more than an inconvenience. *Livingston Christian Schools v Genoa Charter Township,* 858 F3d 996, 1001 (CA 6, 2017) citing *Midrash Sephardi, Inc. v Town of Surfside,* 366 F3d 1214, 1227 (CA 11, 2004). The USA has not met its burden in this case.  USA contends the holding in *Great Lakes Society v. Georgetown Charter Township,* 281 Mich App 396; 761

NW2d 371 (2008) is non-binding because it is a state law decision based on the institutionalized person prong of RLUIPA.  However, the standard in that case (RLUIPA plaintiffs must show a variance denial "*coerces*" individuals into acting contrary to their religious beliefs) has been followed by federal courts in RLUIPA cases involving places of worship.  See *Midrash Sephardi, Inc.*, 1227 and *Roman Catholic Diocese of Rockville Centre, NY v Incorporated Village of Old Westbury,* 128 F Supp 3d 566, 585 (ED NY, 2015) –a case cited by USA.

The USA attempts to distinguish the present case from *Andon, LLC v City of Newport News, Va,* 813 F3d 510 (CA 4, 2016) because the plaintiff in that case was told the variance would be denied.  However, the USA cannot legitimately claim Adam expected the variances in this case to be granted. Based on the multitude and the magnitude of the requested variances, Adam had no reason to expect it could use the property for a place of worship. Since Adam sought an interest in property knowing it did not comply with zoning, its burden is self-imposed. The USA's reliance on *International Church of Foursquare Gospel v City of San Leandro,* 673 F3d 1059; (CA 9, 2011) is misplaced.   In that case, the Court of Appeals merely ruled the District Court erred when it rejected the evidence of a realtor stating there was no suitable property available for a place of worship in the City.  *Id,* 1067.  This case differs because Adam and the USA expert have admitted there were

6

properties in Troy suitable for a place of worship. Adam did not acquire those properties because it did not want to pay the costs to acquire or make the subject parcel compliant; and/or because Adam was unwilling to acquire property unless it was conveniently located in the center of the City; and/or because it did not want to get special use approval or acquire a wetland permit. The unpublished District Court case of *Lighthouse Community Church of God v City of Southfield,* No. CV- 40220, 2007 WL 30280) (ED Mich, 2007) cited by the USA does not appear to follow the prevailing standard for determining whether a RLUIPA plaintiff has demonstrated a substantial burden.  As noted above, "…n*ot just any imposition on religious exercise will constitute a violation of RLUIPA." Id,* 1003.  *"Instead, a burden must have some degree of severity to be considered 'substantial." Id*. USA has not demonstrated the degree of severity that must be shown to establish a substantial burden.

Dated: February 2, 2021                  /s/Allan T. Motzny
                                         Lori Grigg Bluhm (P46908)
                                         Allan T. Motzny (P37580)
                                         Attorneys for Defendants
                                         500 W. Big Beaver Road
                                         Troy, MI 48084
                                         (248) 524-3320
                                         motznyat@troymi.gov

7

## Certificate of Service

I hereby certify that on February 2, 2021, I electronically filed Defendants' Reply to United States Response in Opposition to Defendant's Amended Motion for Summary Judgment with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record using the ECF system.

Dated: February 2, 2021 /s/Allan T. Motzny
Lori Grigg Bluhm (P46908)
Allan T. Motzny (P37580)
Attorneys for Defendants
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
motznyat@troymi.gov