**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-cv-12736 |
| | ) | Hon. Nancy G. Edmunds |
| v. | ) | Mag. Judge David R. Grand |
| | ) | |
| | ) | |
| **CITY OF TROY, MICHIGAN** | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION FOR ADDITIONAL RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

The United States respectfully moves the Court under Federal Rule of Civil Procedure 59(e) to amend its March 18, 2022 order (the "Order"), ECF No. 55, to provide additional safeguards geared towards ensuring the Order's effects. The United States requests that the Court amend the Order to require that the City of Troy ("Troy") take the following actions:

i. Within three (3) business days, simultaneously submit a report to the Court, the United States, and Adam Community Center ("Adam") detailing what steps Troy believes are necessary for Adam to use the entirety of the property at 3635 Rochester Road as a place of worship. Should the United States or Adam dispute the necessity or

      appropriateness of any steps set forth in Troy's report, each may file an objection with the Court within seven (7) calendar days;

ii. Within two (2) business days of receiving notification from Adam that any outstanding requirements have been met, grant all such approvals necessary to allow Adam to use 3635 Rochester Road, in its entirety, as a place of worship; and

iii. Amend its Zoning Ordinance to repeal § 6.21(E)-(F) and allow places of worship as a by-right use in the Community Facilities district.

The United States also welcomes additional relief the Court sees fit to impose consistent with that requested in the United States' complaint, ECF No. 1, including that the Court oversee Troy's compliance with the Court's orders.

On April 12, 2022, the United States requested that Troy consent to the United States' motion, as required by E.D. Mich. LR 7.1. Troy did not provide its consent.

Respectfully Submitted,

DAWN N. ISON
United States Attorney
Eastern District of Michigan

*<u>/s/ Shannon M. Ackenhausen</u>*
SUSAN K. DECLERCQ
(P60545)

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief

*<u>/s/ Abigail B. Marshak</u>*
TIMOTHY J. MORAN
Deputy Chief

Assistant United States Attorney
Chief, Civil Division
SHANNON M. ACKENHAUSEN
(P83190)
Assistant United States Attorney
Acting Chief, Civil Rights Unit
United States Attorney's Office
Eastern District of Michigan
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9730
Facsimile: (313) 226-3271
Susan.DeClercq@usdoj.gov
Shannon.Ackenhausen@usdoj.gov

ABIGAIL B. MARSHAK
(NY 5350053)
KATHERINE A. RAIMONDO
(DC 985157)
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
United States Department of Justice
4 Constitution Square / 150 M Street NE
Washington, DC 20530
Phone: (202) 514-1968
Facsimile: (202) 514-1116
Abigail.Marshak@usdoj.gov
Katherine.Raimondo@usdoj.gov

Dated: April 13, 2022

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-cv-12736 |
| | ) | Hon. Nancy G. Edmunds |
| v. | ) | Mag. Judge David R. Grand |
| | ) | |
| | ) | |
| **CITY OF TROY, MICHIGAN** | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF UNITED STATES' MOTION FOR ADDITIONAL RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

**Statement of the Issue Presented**

Should the Court amend its March 18, 2022 order, ECF No. 55, to provide additional relief to ensure that the full effects are realized from its injunction barring the City of Troy, Michigan from enforcing discriminatory provisions of the Troy Zoning Ordinance based on the City of Troy's violation of the Religious Land Use and Institutionalized Persons Act's substantial burden and equal terms provisions?

**Most Controlling Authority**

Fed. R. Civ. P. 59(e)

*United States v. City of Troy*, No. 19-CV-12736, 2022 WL 831225 (E.D. Mich. Mar. 18, 2022)

## I. Introduction

On September 19, 2019, the United States filed suit against the City of Troy, Michigan ("Troy" or "the City"), alleging that the City violated the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA" or "the Act"), 42 U.S.C. § 2000cc *et seq*, related to the City's treatment of Adam Community Center ("Adam") in its effort to establish an Islamic place of worship in Troy and in the City's treatment of religious assemblies. ECF No. 1. Specifically, the United States alleged, *inter alia*, that Troy: (1) imposed an unjustified substantial burden on Adam's exercise of religion when it denied Adam's zoning variance requests, 42 U.S.C. § 2000cc(a)(1) ("substantial burden" claim); and (2) violated RLUIPA's equal terms provision by requiring religious assemblies to abide by more onerous setback and parking requirements than secular assemblies in any zoning district and by requiring religious assemblies to seek special use approval in its Community Facilities zoning district, *id.* § 2000cc(b)(1) ("equal terms" claim). The United States' lawsuit is companion to *Adam Community Center v. City of Troy, et al.*, Case No. 18-cv-13481 ("Companion Case"), a private suit with similar claims.

On March 18, 2022, this Court granted summary judgment in favor of the United States on both the substantial burden and equal terms claims. ECF No. 55 (the "Order"). On the same day, the Court entered a judgment dismissing the case with prejudice. ECF No. 56 (the "Judgment"). On March 21, 2022, the Court

instructed attorneys of record in the Companion Case that, in light of the Order, the Court "would like the parties to attempt to reach a settlement to settle any remaining claims as well as the issue of damages" in advance of a settlement conference. Such resolution is still outstanding, and the parties in the Companion Case are scheduled to appear at a settlement conference on April 15, 2022. Notice of Settlement Conference Via Zoom, Companion Case, No. 18-cv-13481 (E.D. Mich. Apr. 12, 2022), ECF No. 76.

In its Order the Court specifically found that Troy lacked a "compelling governmental interest in prohibiting Adam, a religious place of assembly, from operating from the Property," and enjoined Troy from enforcing those provisions of its Zoning Ordinance—§ 6.21(E)-(F) and those related to the Community Facilities district—that violate RLUIPA's equal terms provision. ECF No. 55, PageID.3065-3066. But neither the Court's Order nor Judgment includes all of the specific relief requested in the United States' complaint. ECF No. 1, PageID.32-34. Moreover, Troy's recent representations to the United States suggest that additional safeguards may be needed to ensure the Order's effects. The United States therefore seeks additional relief to: (1) prevent the recurrence of future unlawful conduct from Troy's discriminatory zoning provisions; and (2) redress Adam's harm by ensuring that Adam can use 3635 Rochester Road ("the

Property") as a place of worship. Accordingly, the United States requests that the Court amend its Order to require that Troy:

    i.    Within three (3) business days, simultaneously submit a report to the Court, the United States, and Adam detailing what steps Troy believes are necessary for Adam to use the entirety of the Property as a place of worship. Should the United States or Adam dispute the necessity or appropriateness of any steps set forth in Troy's report, each may file an objection with the Court within seven (7) calendar days;

    ii.    Within two (2) business days of receiving notification from Adam that any outstanding requirements have been met, grant all such approvals necessary to allow Adam to use the Property, in its entirety, as a place of worship; and

    iii.    Amend its Zoning Ordinance to repeal § 6.21(E)-(F) and allow places of worship as a by-right use in the Community Facilities district.

The United States also welcomes whatever additional relief the Court sees fit to impose consistent with that requested in the United States' complaint, including that the Court oversee Troy's compliance with the Court's orders.[1]

---

[1] The United States recognizes that the upcoming settlement conference in the Companion Case may result in Troy taking actions to render the United States' motion moot. However, due to Rule 59(e)'s strict timing requirements, *see Banister v. Davis*, ___ U.S. ___, 140 S. Ct. 1698, 1703 (2020), the United States is

## II. Legal Analysis

### A. The Court May Impose Additional Relief Under Fed. R. Civ. P. 59(e) Based on Its Finding of RLUIPA Violations

Under Federal Rule of Civil Procedure 59(e), a party may move the court to amend its judgment within twenty-eight days after the judgment's entry, without possibility for extension. *Banister v. Davis*, ___ U.S. ___, 140 S. Ct. 1698, 1703 (2020) (citing Fed. R. Civ. P. 6(b)(2)); Fed. R. Civ. P. 59(e). Rule 59(e) does not specify grounds for its application, and district courts therefore "enjoy considerable discretion in granting or denying [Rule 59(e) motions]." *United States v. Salama*, 890 F. Supp. 2d 1253, 1256 (E.D. Cal. 2012) (quoting *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111-12 (9th Cir. 2011)). A court, for example, may grant Rule 59(e) motions to account for newly discovered evidence that was previously unavailable or to otherwise prevent manifest injustice. *Westerfield v. United States*, 366 F. App'x 614, 619 (6th Cir. 2010) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999). "[F]ederal courts generally have used Rule 59(e) only to reconsider matters properly encompassed in a decision on the merits." *Banister*, 140 S. Ct. at 1703 (internal citations omitted). For example, a

---

filing this motion now to preserve its right to relief. If, before the Court rules on the United States' motion, the United States learns that Troy has repealed its discriminatory Zoning Ordinance provisions and issued approvals necessary to allow Adam to use the Property, in its entirety, as a place of worship, the United States may withdraw its motion.

Rule 59(e) motion "is particularly appropriate to obtain additional relief to which a party has been found to be entitled." *Scott v. City of Topeka Police & Fire Civ. Serv. Comm'n*, 739 F. Supp. 1434, 1437 (D. Kan. 1990) (citing 11 Wright & Miller, Federal Practice & Procedure, Civil § 2817)) (granting Rule 59(e) motion in discrimination suit to specifically require that defendant employ a plaintiff who, but for her gender, would have been hired as a firefighter, where defendant had originally been ordered only to certify that plaintiff was "eligible for hire"). In such instances, courts find persuasive that the relief sought in the motion "specifically reflect the relief sought in the complaint." *Salama*, 890 F. Supp. 2d at 1256 (citing *Allstate Ins. Co.*, 634 F.3d at 1111-12).

**B. The Relief Requested in the United States' Complaint Is Specific, Narrowly Tailored, and Necessary to Remedy its Claims**

In its complaint the United States requested imposition of certain, targeted remedies if the Court found that Troy violated RLUIPA's substantial burden and equal terms provisions. ECF No. 1, PageID.32-34. Specifically, and among other relief, the United States requested that the Court:

> D. Require[] Troy, its officers, employees, agents, successors, and all other persons in concert or participation with it, to:
>
> > i. Take such actions as may be necessary to restore, as nearly as practicable, Adam and its members to the position they would have been in but for Troy's unlawful conduct, including, but not limited to, *granting such approvals necessary to allow Adam to use the Subject Property as a place of worship*; and

ii. Take such actions as may be necessary to prevent the recurrence of such unlawful conduct in the future, including, but not limited to:

1. *Ensuring that religious assemblies or institutions are not treated on less than equal terms with nonreligious assemblies or institutions*;
2. Providing RLUIPA training to its personnel;
3. Establishing procedures to address complaints of RLUIPA violations; and
4. Maintaining records and submitting reports relating to RLUIPA compliance; and

E. Awards such additional relief as the interests of justice may require, together with the United States' costs and disbursements in this action.

*Id*. (emphasis added). In its experience with other, similar cases, including those with substantial burden and equal terms claims, the United States has found these remedies effective to reduce the likelihood of future discrimination and foster more inclusive communities. *See, e.g.*, *United States v. City of Meriden*, No. 3:20-cv-01669-VLB (D. Conn.) (case with substantially similar allegations as the present suit resulted in consent order with City implementing those remedies, including amending its zoning ordinance and granting any necessary approvals to use a property as a mosque).[2] And here, exchanges between the parties after the Court's

[2] Links to the complaint and consent order in *United States v. City of Meridian* are available at https://www.justice.gov/crt/case/united-states-v-city-meriden-connecticut-d-conn. *See also United States v. Village of Walthill*, No. 8:20-cv-69 (D. Neb.) (similar relief for substantial burden and as-applied equal terms claims) (available at https://www.justice.gov/crt/case/united-states-v-village-walthill-ne-d-neb); *United States v. Borough of Woodcliff Lake*, No. 2:18-cv-10511 (D.N.J.)

Order further support the imposition of additional injunctive relief outlined in the United States' complaint.[3]

1. **Requiring Troy to grant approvals necessary to allow Adam to use the Property as a place of worship will ensure compliance with RLUIPA's substantial burden provision.**

The United States understands the Court's Order to clear the way for Adam to use the Property as a place of worship. Specifically, the Court based part of its decision on the United States' substantial burden claim on Troy having "freely admitted that Adam could use the Property to operate a nonreligious 'place of assembly,' such as a community center, without a variance." ECF No. 55, PageID.3065. The United States acknowledges that Adam must comply with health and safety requirements to use the Property. Nonetheless, Troy's recent actions suggest more is needed to ensure that Adam can worship at the Property, and the United States therefore requests that the Court require Troy to *grant such approvals necessary to allow Adam to use the Property as a place of worship* within a timeline set forth by the Court.

Since the Order's entry, there has been significant ambiguity as to whether Adam must meet any additional, legitimate requirements to immediately use the

---

(similar relief for substantial burden claim) (available at https://www.justice.gov/crt/case/united-states-v-woodcliff-lake-nj-et-al-d-nj).

[3] In its motion for summary judgment the United States requested that, "if summary judgment is granted, it be provided an opportunity to be heard on appropriate relief." ECF No. 45, PageID.1306.

Property as a place of worship. Just days after the Order and to Adam's surprise, Troy asserted that "there is not a valid certificate of occupancy for any use" at the Property and Adam must clear multiple hurdles to use even the restaurant portion of the Property as a place of worship. *See* Exhibit A at 4-5, 8. In addition, Troy instructed Adam "to contact the Building Official to schedule on-site inspections to confirm compliance with the City's building codes." *Id*. at 3, 5. But Adam informed the United States that a City official failed to appear at a scheduled inspection of the Property. *Id*. at 2. On April 6, 2022, the United States requested that Troy detail what it believes is needed for Adam to use the Property. *Id.* at 1. On April 12, 2022, Troy informed the United States that it is working to develop such a list. The United States has not received a list as of this filing.

Where a municipality interprets its zoning processes in a manner that substantially burdens a religious community from operating, relief that explicitly requires the municipality to allow that place of worship's operation—without room for interpretation—is an important and practical safeguard. *See, e.g.*, *Grace Church of N. Cnty. v. City of San Diego*, No. 07-cv-419 (N.D. Cal. Aug. 4, 2008), ECF No. 92 at 6-7 (order imposing permanent injunction requiring specific zoning approvals in RLUIPA case where the "substantial burden Defendants have imposed on Plaintiff's religious exercise relates to Plaintiff's ability to continue to use a particular parcel of land"). Ultimately, relief under substantial burden claims

should allow prevailing plaintiffs to use properties as they intend. *See, e.g. DiLaura v. Twp. of Ann Arbor*, 112 F. App'x 445, 446 (6th Cir. 2004) (agreeing with the district court "that the issuance of a bed-and-breakfast permit had not rendered the case moot" and "plaintiffs were entitled to relief" because a bed-and-breakfast designation "would have effectively barred the plaintiffs from using the property in the exercise of their religion and, hence, the defendants' refusal to allow a variance constituted a substantial burden on that exercise.").

The muddled record about the Property's current readiness clearly shows that there is no well-defined path for its use. Considering this new evidence of uncertainty in the aftermath of the Court's judgment, the numerous tools Troy can employ under the guise of safety and procedure to delay or even block the Property's use, and to prevent manifest injustice, the United States requests that the Court explicitly order that Troy grant such approvals necessary to allow Adam to use the Property as a place of worship within a timeline set forth by the Court, and provide oversight to ensure that result.

**2. Additional relief to ensure that the Court's already-imposed injunction is known throughout Troy is important to effectuate RLUIPA's equal terms provision.**

The United States additionally requests that the Court require *that religious assemblies or institutions are not treated on less than equal terms with nonreligious assemblies or institutions* by imposing additional relief to make sure

that its already-imposed injunction is known throughout Troy. On March 28, 2022, the United States asked Troy's counsel whether it intended to repeal the discriminatory provisions within its Zoning Ordinance based on the Court's Order. Counsel responded that it could not commit to doing so because it had not spoken with the City Council. *See, e.g.,* Exhibit A at 9. On April 12, after meeting with the City Council, Troy's counsel informed the United States that it was unable to disclose whether Troy would repeal those discriminatory provisions.

If Troy does not modify its Zoning Ordinance or educate the community about the Court's enforcement injunction, a place of worship seeking to operate in Troy may look to Troy's Zoning Ordinance; review the discriminatory setback and parking restrictions that, as of this filing, still appear on Troy's website;[4] and erroneously believe that those provisions are in effect. This belief could, in turn, influence what properties the place of worship believes are available within Troy. Otherwise stated, without additional relief, the Zoning Ordinance's unenforceable provisions could nonetheless have a prophylactic effect in contravention of the Court's Order. Because of this possibility, and to prevent manifest injustice, the United States requests that the Court order Troy to repeal its discriminatory Zoning Ordinance provisions.

[4] A permanent link to the version of Troy's Zoning Ordinance from the date of this filing is available at: https://perma.cc/9EYZ-LQGG.

## III. Conclusion

Because the United States is entitled to relief on its substantial burden and equal terms claims, and in light of the real possibility that without additional relief such claims will not be fully remedied, the United States requests that the Court exercise its discretion and prevent manifest injustice by imposing additional injunctions consistent with that sought in the United States' complaint. Accordingly, the United States requests that the Court amend the Order to require Troy to:

i. Within three (3) business days, simultaneously submit a report to the Court, the United States, and Adam detailing what steps Troy believes are necessary for Adam to use the entirety of the Property as a place of worship. Should the United States or Adam dispute the necessity or appropriateness of any steps set forth in Troy's report, each may file an objection with the Court within seven (7) calendar days;

ii. Within two (2) business days of receiving notification from Adam that any outstanding requirements have been met, grant all such approvals necessary to allow Adam to use the Property, in its entirety, as a place of worship; and

iii. Amend its Zoning Ordinance to repeal § 6.21(E)-(F) and allow places of worship as a by-right use in the Community Facilities district.

The United States also welcomes whatever additional relief the Court sees fit to impose consistent with that requested in the United States' complaint, including that the Court oversee Troy's compliance with the Court's orders.

Respectfully Submitted,

**For Plaintiff the United States:**

DAWN N. ISON
United States Attorney
Eastern District of Michigan

*/s/ Shannon M. Ackenhausen*
SUSAN K. DECLERCQ
(P60545)
Assistant United States Attorney
Chief, Civil Division
SHANNON M. ACKENHAUSEN
(P83190)
Assistant United States Attorney
Acting Chief, Civil Rights Unit
United States Attorney's Office
Eastern District of Michigan
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9730
Facsimile: (313) 226-3271
Susan.DeClercq@usdoj.gov
Shannon.Ackenhausen@usdoj.gov

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief

*/s/ Abigail B. Marshak*
TIMOTHY J. MORAN
Deputy Chief
ABIGAIL B. MARSHAK
(NY 5350053)
KATHERINE A. RAIMONDO
(DC 985157)
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
United States Department of Justice
4 Constitution Square / 150 M Street NE
Washington, DC 20530
Phone: (202) 514-1968
Facsimile: (202) 514-1116
Abigail.Marshak@usdoj.gov
Katherine.Raimondo@usdoj.gov

Dated: April 13, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2022, I electronically filed the foregoing document, United States' Motion for Additional Relief Under Federal Rule of Civil Procedure 59(e), with the Clerk of Court using the ECF system, which will send notification of such filing to counsel of record for all parties.

*/s/ Abigail B. Marshak*
ABIGAIL B. MARSHAK (NY 5350053)
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
United States Department of Justice
4 Constitution Square
150 M Street NE
Washington, DC 20530
Phone: (202) 514-1968
Facsimile: (202) 514-1116
Abigail.Marshak@usdoj.gov