# EXHIBIT – PROPOSED RESPONSE TO MOTION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA          Case No. 2:19-cv-12736

    Plaintiff,                              HON. NANCY G. EDMUNDS

v.

CITY OF TROY, MICHIGAN            RESPONSE TO MOTION FOR
                                  ADDITIONAL RELIEF

    Defendant.

_____/

Susan K. DeClercq (P60545)              Lori Grigg Bluhm (P46908)
Shannon M. Ackenhausen (P83190)         Allan T. Motzny (P37580)
United States Attorney's Office         Troy City Attorney's Office
Attorneys for Plaintiff                 Attorneys for Defendant
211 W. Fort Street, Suite 2001          500 W. Big Beaver Road
Detroit, MI 48226                       Troy, MI 48084
(313) 226-3271                          (248) 524-3320
Susan.DeClercq@usdoj.gov                bluhmlg@troymi.gov
Shannon.Ackenhausen@usdoj.gov           motznyat@troymi.gov

Abigail B. Marshak (NY5350053)
Katherine A. Raimondo (DC985157)
United States Department of Justice
Attorneys for Plaintiff
4 Constitution Square/150 M Street NE
Washington, D.C. 20530
(202) 514-1968
Abigail.Marshak@usdoj.gov
Katherine.raimondo@usdoj.gov
_____/

## DEFENDANT CITY OF TROY'S RESPONSE TO UNITED STATES' MOTION FOR ADDITIONAL RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e) AND BRIEF IN SUPPORT

## RESPONSE TO UNITED STATES' MOTION FOR ADDITIONAL RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE

Defendant, the City of Troy, in response to the motion of Plaintiff, the United

States of America (USA), seeking additional relief from that already granted by

this Court in its Order and Opinion on Motions for Summary Judgment entered on March 18, 2022 (ECF No 55), states that the motion should be denied for reasons set forth below.

## BRIEF IN SUPPORT OF DEFENDANT CITY OF TROY'S RESPONSE TO UNITED STATES' MOTION FOR ADDITIONAL RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)

## STATEMENT OF ISSUE PRESENTED

The issue presented in this motion is whether this Court should enter an order amending its final judgment to grant additional relief as requested by the USA.

## STATEMENT OF MOST CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

The most appropriate authority for the issue presented is Federal Rule of Civil Procedure 59(e). FR Civ P 59(e).

## STATEMENT OF FACTS

USA filed a complaint in this Court under the Religious Land Use and Institutionalized Person Act, 42 USC §§ 2000cc – 2000cc-5 (RLUIPA), seeking declaratory and injunctive relief.  Count I alleges the actions of the Defendant City of Troy (City) constitute the imposition or implementation of a land use regulation that imposes a substantial burden on the religious exercise of Adam Community Center

2

(Adam). Count II alleges the City's zoning ordinance and its actions constitute the imposition or implementation of a land use regulation in a manner that treats religious assemblies or institutions on less than equal terms with a nonreligious assembly or institution. This case was consolidated for pretrial purposes with *Adam Community Center v City of Troy, et al,* Case No. 2118-cv-13481, (Adam case) which was filed 10 months before this action was commenced. After the close of discovery, all parties (City of Troy, USA, and Adam) filed motions for summary judgment.

On March 18, 2022, this Court entered its Order and Opinion on Motions for Summary Judgment in this case. (ECF No. 55). That order granted the United States' motion for summary judgment, denied the City of Troy's motion for summary judgment, and enjoined the City from enforcing Section 6.21(E) and (F) of its zoning ordinance (providing setback and parking regulations for places of worship), and from enforcing the provision of Section 4.21 of its zoning ordinance that permits places of worship in the Community Facilities zoning district as a special use rather than a by-right use.

The Court has not issued a decision in the Adam case but instead has advised the parties in light of its decision in the USA case, the Court would like the parties to attempt to reach a settlement to settle any remaining claims as well as issues of damages. Thus, on March 28, 2022, the attorneys for Adam, the USA, and the City had a virtual meeting to discuss settlement and the parties met again

3

on April 18, 2022 at a Court ordered settlement conference with Magistrate Judge David R. Grand. Without disclosing the details of such discussion, the City notes that settlement negotiations are continuing.

In the meantime, the City has acknowledged that unless it appeals and obtains a stay suspending the injunctive relief set forth in this Court's March 18, 2022 order, Adam could presently use the subject property as a place of worship subject to compliance with the building codes.  The City is considering an appeal in this case, but is willing to pursue settlement discussions during the 60-day period in which an appeal may be taken – a period which has now been extended as a result of the motion filed by the USA. FR App P 4(a)(1)(B)(i) and 4(a)(4)(A)(iv).

Although the City cannot preclude Adam from using the subject property as a place of worship under its zoning ordinance as a result of this Court's order, Adam is still required to comply with the applicable building code provisions and obtain a certificate of occupancy.  Under Section 111.1 of the 2015 Michigan Building Code currently in effect, whenever there is a change in the existing occupancy classification of a building, the building shall not be occupied until a certificate of occupancy is issued in accordance with the code.  Additionally, extensive building and electrical work to convert the property into a place of worship has been conducted without a permit.  The City discovered this after

receiving a complaint and conducting an inspection.  The inspection revealed

several violations of the building code based on the illegal work that was done in

the building.  If the violations are not rectified, the health and safety of all persons

who may occupy the building is at risk.  One of the installations in the building that

was completed without a permit created a significant risk of electrocution.  A

recent fire department review indicated there are significant fire code concerns

including an egress issue with a swing door that could potentially result in the

blockage of passage through the building in the event of a fire.  Unfortunately, due

to a miscommunication, one of the City's building inspectors sent an email to a

representative of Adam erroneously stating the building did have a valid certificate

of occupancy.  As noted in the email exchange, a copy of which is attached to

USA's motion, the City promptly notified Adam and its attorney of this error.  ECF

No. 58, Page ID # 3092.  The email from the City also included the following

statement from the City's Building Official: *"Once 3635 Rochester is inspected and

all Life/Safety items are in compliance with the Michigan 2015 Building Code and

Fire Code, then I can issue a Certificate of Occupancy as the Troy Building

Official."* Due to the email erroneously indicating there was a valid certificate of

occupancy, the City's Building Official offered to expedite inspections and waive

inspection fees.  *Id.*  Contrary to USA's assertion that the City is requiring Adam

"*to clear multiple hurdles*" and that there is "*new evidence*" that the City "*under the

guise of safety*" is trying to "*block the Property's use,*" ECF No 57, Page ID # 3080

– 3081,  the City has only requested that Adam comply with the same building code provisions that all developers of property are required to follow whenever an existing building is occupied for a new use. Even if the City's Zoning Board of Appeals had granted the numerous variances from the zoning ordinance that were requested by Adam prior to the initiation of its lawsuit, Adam would have still been required to comply with the building code. The lawsuits filed by Adam and the USA only challenge the provisions on the zoning ordinance and not the building code.

In its brief, the USA points out that it requested the City provide a detailed list of what is needed before Adam may use the property. ECF No. 57, Page ID # 3080.  The USA then states it had not received the list as of the date of filing the motion. *Id.* What the USA fails to mention is that counsel for the USA had a telephone conversation with counsel for the City the day before the motion was filed, and during that conversation, the USA was informed the list may not be provided until the next day because the City's building official was being very careful to provide a complete list and because he needed to consult with the City's fire department to make sure Adam was made fully aware of all requirements.  On April 13, 2022, the City's building department provided Adam's representative with a Plan Review letter that included a letter from the Fire Department setting forth the requirements for occupying the building on the subject property (Exhibit 1).

The City Attorney's Office emailed copies of those documents to counsel for Adam and the USA on April 13, 2022.

The USA contends the City of Troy's actions mandate additional injunctive relief to prevent a manifest injustice.  The USA has taken this position based on representations made by members of Adam that the City has treated Adam unfairly.  However, the City's experience with Adam has demonstrated its members do not always provide accurate information.  ECF No. 48-9, Page ID # 2693 and 2698, Tr pp 93, 110.  The USA is demanding additional equitable relief on behalf of Adam despite the fact Adam has engaged in inequitable conduct by constructing improvements to convert the subject property into a place of worship even though it never obtained the required building permits to do so.

It is the City's position the USA has been overzealous in its efforts to force the City to comply with what it claims are legitimate goals of RLUIPA.  This overzealousness is evident in the press release from the Department of Justice that was issued shortly after this Court's March 18, 2022 decision, (Exhibit 2), explaining how the City had to be "*prosecuted*" because it disagreed with the USA's interpretation of RLUIPA.  This is disappointing because the City has maintained throughout this litigation that its zoning provisions were enacted in the best interest of all its residents since places of worship present unique potential negative impacts on a community. ECF No. 48- 8 Page ID # 2664.  The City has

7

consistently argued the secondary impacts of places of worship have a negative impact on abutting properties, and unlike other types of uses, places of worship tend to have large volumes of traffic and need ample parking in a short period of time on a regular basis, which may result in traffic backups on local roads and public health, safety, and economic concerns that generally do not occur in other types of uses.   Thus, the City believes the provisions of its zoning ordinance for places of worship are justified and do not violate RLUIPA.  The City contends its opposition to the claims of the USA have been legitimate and in the best interest of the community.  ECF 48-9 Tr.  pp 15, 57-58, 60-61, 63, 65-66, 163-164, 173-174, 211, 213, ECF 48-11, Tr. pp 10, 20, 33-34, 92, 93, 122-123, ECF 48-4, Page ID No. 2551, ECF No. 48-6, Tr pp 111, 113-114, 140-141, 156, 165, 167, 351-352. Thus, the USA's attempt to paint the City of Troy as an evil entity that needs to be prosecuted is inappropriate.  Although the City understands this Court's injunctive order precludes the City from enforcing the aforementioned provisions of its zoning ordinance - which it still believes are justified and reasonable - the USA's argument that the City has somehow engaged in conduct mandating additional injunctive relief is meritless. Unlike Adam, the City has not engaged in any improper or inequitable conduct but has instead acted in the best interest of health and safety of all members of the community, including those who may one day occupy the building on the subject property.

8

## ARGUMENT

"*A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.*" *Intera Corp. v Henderson,* 428 F.3d 605, 620 (6th Cir.2005), citing *GenCorp, Inc v American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999). Relief under Rule 59(e) "*is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.*" *Powers v Sec of Dept of Health and Human Services,* Case No. 16-cv-13668 (E.D. Mich, Oct. 21, 2020), quoting *U.S. ex rel.Am. Textile Mfrs. Inst., Inc v The Limited Inc.,* 179 F.R.D. 541,547 (S.D. Ohio 1998). The USA has not asserted the Court made a clear error of law or that there is an intervening change in controlling law mandating a change in this Court's decision. Thus, it appears the USA is requesting relief under Rule 59(e) on the basis there is new evidence or a need to prevent manifest injustice. However, there is no new evidence and no need to alter the Court's judgment to prevent manifest injustice. Additionally, as explained below, there are other reasons the relief requested by the USA should be denied.

## 1. THERE IS NO NEW EVIDENCE

The USA contends the City's requirement that Adam comply with the building code is new evidence. However, this is not a new requirement.

Regardless of whether or not Adam's use of the property is allowed under the zoning ordinance, all buildings and structures must comply with the Michigan Building Code, which is applicable throughout the state of Michigan.  MCL 125.1508a.  Under the Stille-DeRossett- Hale Single State Construction Code Act, MCL 125.1508a *et seq.,* local units of government can choose to enforce the Michigan Building Code as opposed to relinquishing local code enforcement to the State. Pursuant to Chapter 79 of the Troy City Code, a copy of which is attached as Exhibit 3, the City has assumed responsibility to enforce the Michigan Building Code. As set forth in Section 8.1 of Chapter 79, the Michigan Building Code regulates the erection, construction, alteration, addition, repair, removal, demolition, use, location, occupancy and maintenance of all buildings and structures, and applies to existing or proposed buildings and structures. If the City failed to properly require compliance with the Michigan Building Code, the State of Michigan could initiate a performance evaluation and ultimately remove the City's authority to enforce the building code. MCL 125.1509b. If that occurred all property owners and developers would have to obtain approvals and inspections from the State of Michigan which could result in significant delays and inconvenience to all persons wishing to perform building construction and/or improvements in the City of Troy.  Since the Michigan Building Code and Chapter 79 predate Adam's use of the building on the subject property, the City's

notification that Adam needs to comply with the Michigan Building Code is not new evidence.

**2. ADDITIONAL EQUITABLE RELIEF IS NOT NECESSARY TO PREVENT MANIFEST INJUSTICE**

This Court has enjoined the City from enforcing its parking and setback regulations of its zoning ordinance applicable to places of worship.  This relief allows Adam to use the subject property as a place of worship and disregard regulations the City contends are appropriate for places of worship based on its actual experience and the negative impacts places of worship have caused in Troy.  Thus, the Court has already granted extraordinary relief and there is no basis for any of the additional relief now being requested.  The only thing preventing Adam from occupying the building for a place of worship is compliance with the Michigan Building Code.  Requiring Adam to comply with the building code to insure the safety of all persons who will occupy the building is not a manifest injustice.

The USA relies on *Scott v. City of Topeka Police & Fire Civ. Serv. Comm'n,* 739 F. Supp 1434 (D. Kan. 1990) and argues that a court can use Rule 59(e) to order additional relief the party has been found to be entitled. In this case, the Court found the City's zoning ordinance provisions related to parking and setbacks for places of worship violated RLUIPA.  Thus, the Court enjoined the City from enforcing those provisions.  Accordingly, the Court has already ordered the relief it

found the USA is entitled to.  The Court did not find that Adam was entitled to violate the Michigan Building Code or that USA was entitled to an order requiring the City to amend its zoning ordinance. The injunctive order preventing the City from enforcing the applicable provisions of its zoning ordinance is sufficient and there is no need for additional extraordinary relief.

Additionally, the request for additional equitable relief should be denied because it is being requested on behalf of Adam. However, Adam is not entitled to equitable relief due to its own inequitable conduct.  A party's inequitable conduct can make equitable relief inappropriate.  *Ramirez v Collier,* 142 S. Ct. 1264, 1282 (2022).  When a party seeking equitable relief "*has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him." Id.* citing *Keystone Driller Co. v General Excavator Co.,* 290 U.S. 240, 245; 54 S.Ct. 146; 78 L.Ed. 293(1933). In this case, even though Adam had no legal authority to use the subject property as a place of worship, it engaged in building improvements to convert the building into a place of worship without obtaining permits as required by the building code.  The fact Adam engaged in such unlawful conduct demonstrates it has not acted in good faith or in an equitable manner.  Thus, any request for additional equitable relief on Adam's behalf should be denied.

## 3. THE REQUEST FOR A LIST OF STEPS TO COMPLY WITH THE BUILDING CODE IS MOOT

In its motion, the USA is requesting an order requiring the City to report to the Court, the USA, and Adam the steps Troy believes are necessary for Adam to use the subject property as a place of worship.  The City has already done this by providing Adam with the plan review letter and a letter from the Fire Department (Exhibit 1).  Since a claim becomes moot when a plaintiff receives the relief sought, *In re DSC, Ltd,* 486 F.3d 940, 945 (6th Cir. 2007), the USA's request is moot.  A court has no jurisdiction to hear a moot claim.  *Thompson v DeWine,* 7 F.4th 52, 523 (6th Cir. 2021).  Thus, the USA's motion should be denied.

4. **THE REQUEST ALLOWING USA AND ADAM TO OBJECT TO THE CITY'S REQUIREMENTS UNDER THE BUILDING CODE AND THE REQUEST REQUIRING TROY TO GRANT APPROVALS IS NOT WARRANTED SINCE ADAM HAS A SUITABLE REMEDY UNDER STATE LAW**

In its motion, the USA is requesting an order allowing it and Adam to object to the City's requirements that must be met under the Michigan Building Code and an order requiring the City to grant approvals when Adam notifies the City that the requirements have been met. This requested relief should be denied because it is not appropriate and because the State of Michigan provides adequate provisions that allow persons to object to building code requirements.

Section 2000cc-2 of RLUIPA, 42 USC §§ 2000cc-2 allows a person to obtain *"appropriate relief"* in a RLUIPA case. Since the case involved the City's zoning

13

ordinance and not the building code, it is not appropriate to grant a remedy that would allow Adam to circumvent the building code.  Additionally, it is not appropriate to allow Adam and the USA to file objections in this Court to the requirements of the building code because it is not up to this Court to enforce the City's building code.  The only person authorized to enforce and administer the building code in a municipality is its registered Building Official.  MCL 125.1502a(i).

Additionally, the request for an order directing the City to grant specific approvals under the building code is essentially a request for a writ of mandamus – a writ commanding the performance of a particular act.  Black's Law Dictionary, 6th Ed.  A writ of mandamus is an extraordinary remedy and is intended to provide a remedy only if a plaintiff has exhausted all other avenues of relief and the defendant owes plaintiff a clear non-discretionary duty.  *Willis v Sullivan,* 931 F.2d 390, 395, 399 (6th Cir. 1997).  The State of Michigan has provided an appeal procedure allowing persons to appeal any decisions related to the administration of the building code.   MCL 125.1514 requires municipalities to create a board of appeals that is authorized to hear appeals of decisions related to the building code. Pursuant to this statute, the City of Troy has established a board of appeals with members meeting the qualifications as required.  See Section 116.2 of Chapter 79 of the City Code (Exhibit 3).  If Adam disagrees with any of the

14

requirements needed to comply with the building code or any decision of Troy's

Building Official as to whether those requirements have been met, Adam may

appeal to the board of appeals.  Additionally, if the board of appeals denies an

appeal, Adam would have the right to pursue a further appeal to the State of

Michigan's Construction Code Commission in accordance with MCL 125.1516.

Since there is an avenue of appeal that must be exhausted before a Court has

authority to order a City to grant specific approvals under the building code, the

relief requested in the USA's motion must be denied.

### 5. <u>THE RELIEF REQUESTED BY THE USA SHOULD BE DENIED BECAUSE IT WOULD INTERFERE WITH THE LEGISLATIVE PROCESS</u>

In its motion, the USA is seeking an order that would require the City to

amend its ordinance.  This relief is not appropriate because it would encroach

upon the legislative process established by the State of Michigan for amending a

zoning ordinance. Although the City acknowledges the Court has the authority to

declare an ordinance provision invalid and enjoin its enforcement, there is no

authority that would allow the Court to require the City to pass a specific ordinance

amendment. It is not the Court's function to change the law, but to interpret the

law and apply it to the facts.  *Pitcairn v Fisher,* 78 F.2d 649, 652 (8thCir. 1935).

"*Courts may not invade the domain of the legislature and where plaintiff is asking*

*for legislative relief or relief which would encroach upon the legislative process the*

*courts are without power to act." Clark v Board of Ed. Of Shelbyville, Ky,* 350

F.Supp. 149, 151 (ED KY, 1972).

The City of Troy's zoning ordinance was adopted in accordance with the

Michigan Zoning Enabling Act (MZEA), MCL 125.3102 *et seq.,* to promote and

safeguard the public health and safety and the welfare of all members of the

community.  The MZEA establishes the procedure that must be followed to amend

a zoning ordinance. A zoning ordinance amendment must be based on a master

plan formulated by the City and designed to promote the public health, safety,

welfare in accordance with MCL 125.3203. Before the zoning ordinance may be

amended by the City Council, the City's Planning Commission is required to have

at least one public hearing, and must transmit a summary of all comments from

the hearing to the Troy City Council prior to its action.   MCL 125.3307, MCL

125.3308.  At the public hearing, the City will generally receive input from planning

consultants, members of the public, and anyone else interested in the proposed

amendment.  MCL 125.3211, MCL 125.3301, MCL 125.3303.  As allowed by MCL

125.3401, Troy's zoning ordinance cannot be amended until the Troy City Council

conducts an additional public hearing allowing for additional comments from

interested persons and organizations.   Under Section 16.01 of Troy's zoning

ordinance, any property owner or their representative may initiate an amendment

to the zoning ordinance.  However, the elected City Council can only enact an

amendment following the process described above and only if there is a determination the provisions of the amendment are fair, appropriate, and in the best interest of the public health and safety of the community. Thus, the USA's request that the City be ordered to enact a specific amendment to its zoning ordinance, if granted, would circumvent the legislative process and is not appropriate relief under RLUIPA.

This Court's order now in effect enjoins the City from enforcing the provisions of the zoning ordinance that it found were in violation of RLUIPA. Additional relief is not appropriate and the USA's motion should be denied.


Dated: April 25, 2022                         s/Allan T. Motzny_____
                                              Lori Grigg Bluhm (P46908)
                                              Allan T. Motzny (P37580)
                                              Attorneys for Defendant
                                              500 W. Big Beaver Road
                                              Troy, MI 48084
                                              (248) 524-3320
                                              motznyat@troymi.gov


## Certificate of Service

I hereby certify that on April 25, 2022, I electronically filed the foregoing motion and brief with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record using the ECF system.

                                              s/Allan T. Motzny
                                              Lori Grigg Bluhm (P46908)
                                              Allan T. Motzny (P37580)
                                              Attorneys for Defendants
                                              500 W. Big Beaver Road

17

Troy, MI 48084
(248) 524-3320
motznyat@troymi.gov

Dated: April 25, 2022

# Exhibit 1





**Building Department Services**

April 12, 2022

Subject: Plan Review — 3635 Rochester Road

Dear Dr. Md. Nurul Amin:

The design document Drawing #: NIMA-2090-0001, dated July 27, 2019, submitted on July 27, 2021, for 3635 Rochester Road has been reviewed by the plans examiner, Tom Caporuscio, for compliance with the 2015 State of Michigan Building Code and referenced plumbing, mechanical, and electrical codes.

The design professional is responsible for the application of all construction codes on each presented project, including being aware of the standard application procedure of the City of Troy.

NOTE: For this project, the applicant Dr. Md. Nurul Amin is also the design professional.

**Codes Currently in Effect (Statewide)**
2015 Michigan Building Code, MBC 2015
2015 Michigan Mechanical Code, MMC 2015
2018 Michigan Plumbing Code, MPC 2018  (plan submitted under the 2015 Michigan Plumbing Code)
2017 National Electrical Code w/state amendments, NEC 2017
2015 International Fire Code, IFC 2015
Accessibility: Michigan Barrier Free Design Law, P.A. 1966 as amended and the ICC/ANSI A117.1 -2009 standard as referenced from Chapter 11 of the 2015 Michigan Building Code.

**Disclosure and Limitation of Reviews**
This review and recommendation for approval does not relieve the owner or their representatives from complying with other codes, ordinances and other federal, state and county reviews, approvals, permits and inspections.

Please be aware that an application for the use desired for this project has not been submitted; one is needed in order to proceed.

**Building Plan Review, by Tom Caporuscio, Plan Examiner, 248.524.3374**

1. The Building Permit Application submitted requests a permit for the following work as stated:
   *"Repaired the old toilets.  Added hydraulically controlled modular feet wash to stop water splashing in the existing restrooms."*  Though this Building Permit Application does not indicate the type of occupancy use which is currently proposed or in use, the plan itself states that the drawing is being presented as A-2 Assembly (restaurant/banquet).  The plan also depicts with

notes and statements that a substantial area is proposed as "worship" space; "places of religious worship" which is A-3 Assembly use per the 2015 Michigan Building Code sec 303.4.

Per the latest City of Troy Building Department BS&A records, this building has no current Certificate of Occupancy. Applicant must check with the Planning Department for all required and necessary documents and approvals. All standard submittals required a site plan which must comply with Michigan Barrier-Free Standard A117.1-2009.

2. Per enforcement EN2021-02132 dated August 8,2021, Permit # PB2021-1546 was applied for by Dr. Md. Nurul Amin and was issued by the City of Troy Building Department at Dr. Amin's request. The following Special Inspections were performed for the sole purpose to protect life to the minimum requirement of the code, even though the building does not have a current Certificate of Occupancy. The following conditions have been identified and require resolution before the open enforcement can be lifted.

Mechanical Inspection by Alan LaBar on 08/03/2021:
   a. Verify connections of supply duct at bathrooms
   b. Bathroom exhaust must go to outside air
   c. Provide balance report on HVAC
   d. Provide testing reports for fire protection (completed)

Electrical Inspection by Bill Hyder on 08/03/2021:
   a. PVC Conduit is not permitted to be used where it is exposed in a Place of Assembly. 2017 NEC article 518
   b. Properly wire Water Heater using approved wiring methods (pending inspection)
   c. Install disconnecting means within sight of Water Heater (pending inspection)
   d. Over Current Protection Devices are not allowed to be located in bathrooms. 2017 NEC article 240.24 (d) (pending inspection)

Plumbing Inspection by Alan LaBar on 08/03/2021:
   a. Temperature & Pressure T&P relief valve at water heater must go to approved location (completed)
   b. Shure seal at floor drains
   c. Horizonal tees prohibited at drain lines
   d. Clearance at front of lavatories
   e. Tempering device required at lavatories and foot wash locations
   f. Water closet must be elongated with open front seat
   g. Hand sprayer at water closet requires vacuum breaker
   h. Pan drain at water heater to approved location (completed)

Building Inspection by Tom Caporuscio on 08/03/2021:
   a. Dangerous condition - bathroom fixtures installed without permits, immediately adjacent to a CT Box (current transformer box). (completed)
   b. Bathrooms have been completely remodeled without review, approval, and permit, and do not meet building, plumbing, or accessibility codes. Proper fixture clear spaces and have not been considered for accessibility when designing and building the bathrooms.
   c. All electrical, plumbing, and mechanical items as listed must be corrected.

3. Submit properly designed bathroom space, taking into full consideration the 2015 Michigan Building Code and referenced mechanical, electrical, and plumbing codes, as well as the Michigan Barrier-Free A117.1-2009 accessibility code requirements.

4. Verify that fire suppression meets all requirements for A-3.

5. All commercial kitchen appliances, hood, and ansul (fire suppression) systems must be certified to be in proper working order and in compliance with NFPA 96. Submit certification report to the Building Department for review and approval when ready.

6. Panic hardware required at all egress discharge doors per MBC 2015 sec 1010.1.10. This information is not specified on Drawing #: NIMA-2090-0001. Door and door hardware schedule is preferred which shows that all doors and hardware comply with MBC 2015 sec 1010.

7. Provide locations of all illuminated exit signs including directionals as required per MBC 2015 sec 1013.

8. Provide locations for all emergency lights as required per MBC 2015 sec 1008.

9. Provide information if alterations to the fire suppression system are to be included in the scope of work for this project. If so, submit working documents per NFPA 13 for review.

10. Provide information if alterations to the fire alarm system are to be included in the scope of work for this project. If so, submit working documents per NFPA 72 for review.

11. Portable fire extinguishers required per MBC 2015 sec 906 and NFPA 10.

12. Post sign indicating "Maximum Occupant Load ___" in a conspicuous place near the main public entrance of the building and/or space, per MBC 2015 sec 1004.3.

13. Submit a Life-Safety plan indicating all the common paths of egress and travel distances leading to egress discharge doors per MBC 2015 sec 1006.

14. Provide information on the "Storage Above the Kitchen." Fire suppression is required, including exit signs, emergency lights, etc.

15. Drinking fountain and service sink required A-3 use per MPC 2018 Table 403.1.

16. Based of responses provided to this plan review list, further requirements may be requested (i.e. see item #14).

*For processing:*

When plans are rejected and/or if revisions are required:
- Please submit **revised construction documents** containing the requested information or plan revisions with ***all revisions clouded or otherwise identified.***

- <u>Please respond in writing to each comment by marking the attached list or creating a response letter.</u>  Please send revisions to the attention of the City of Troy Building Department.

**The City of Troy Fire Department may have additional requirements.  See the attached information from the Fire Department.**

**This plan review letter is part of the City of Troy Building Department's standard procedure for all applicants.**

Please call or email the plans examiner, Tom Caporuscio if you have any questions or concerns.

Sincerely,

City of Troy / SAFEbuilt Inc
Tom Caporuscio, Plan Examiner
City of Troy Building Department
500 W. Big Beaver
Troy, MI  48084
248 524-3374 direct
tommaso.caporuscio@Troymi.gov



500 West Big Beaver
Troy, MI 48084
troymi.gov

**Troy Fire Department**

P: 248.524.3419
F: 248.689.7520

April 13, 2022

The standard building permit application process provides us with necessary information such as occupancy use and classification, proposed layout of the building, and construction type to conduct a comprehensive review and ensure that the proposed work is in compliance with the International Fire Code (IFC), 2015 and Chapter 93 of the City Code and Charter. This initial step must be taken so that an appropriate plan review can be conducted. Once the plans are approved and a building permit is issued, fire inspections will be conducted to ensure that the project conforms to the applicable codes. Additional permits may be required for building fire suppression, fire alarm, and hood suppression systems. These permits would be obtained through licensed contractors and a similar process for plan review and inspections shall be followed.

Without this specific building information, we are unable to provide specific requirements that will apply other than the entirety of the IFC, 2015 as well as Chapter 93 of the City Code and Charter must be followed.  At a minimum, we can advise that the following will be required:

- Proper means of egress plan appropriate for the occupancy use and type
- A building fire suppression system is provided and is appropriate for the occupancy use and type
- A building fire alarm system may be required based on the occupancy use and type
- Fire extinguishers provided in accordance with IFC 2015 and NFPA 10
- A Knox box with entry keys must be provided


As with any building project:

Any work required to have a permit per IFC 2015, cannot be started without the approved permit.

Occupancy of the building is not allowed per IFC 2015, until all inspections and acceptance tests including the final fire inspection are completed and approved.


Paul Firth
Assistant Fire Chief/Fire Marshal
Troy Fire Department
248-526-2651

Paul.firth@troymi.gov

# Exhibit 2



THE UNITED STATES ATTORNEY'S OFFICE

EASTERN DISTRICT *of* MICHIGAN

U.S. Attorneys » Eastern District of Michigan » News

**Department of Justice**

U.S. Attorney's Office

Eastern District of Michigan

FOR IMMEDIATE RELEASE                                    Tuesday, March 22, 2022

## Federal Court Rules in Favor of the Justice Department in Lawsuit Against City of Troy, Michigan For Restrictions on Places of Worship and Treatment of Muslim Religious Group

Detroit, MI – Late Friday, March 18, 2022, a federal judge ruled in favor of the Justice Department, finding that the City of Troy, Michigan violated the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). The judge found that Troy's zoning practices treat places of worship worse than equivalent nonreligious assemblies. The judge also found that Troy's zoning denial substantially burdened the religious exercise of a Muslim group seeking to establish the only permanent place of Islamic worship in the City of Troy. Accordingly, the judge entered an order enjoining Troy from enforcement of the discriminatory provisions of its zoning ordinance.

"I am very pleased that the Court recognized Troy's unequal treatment of places of worship and the impact on Troy's Muslim community," said Dawn Ison, United States Attorney for the Eastern District of Michigan. "My office always seeks to work cooperatively with local governments to resolve civil rights disputes. However, when that is not possible, we will not hesitate to prosecute those cases."

The Justice Department originally filed suit in 2019, after Troy denied zoning approval to Adam Community Center (Adam), an organization of Muslims who live and work in Troy, to operate a place of worship. In 2018, after a nine-year search for a permanent location in Troy, Adam acquired a building in one of Troy's commercial districts to use as a community center and place of worship. Troy's zoning ordinance would allow a nonreligious place of assembly, such as a theater or banquet hall, to use the same building without further approval. But because of Troy's zoning restrictions unique to places of worship, Adam had to seek Troy's approval to operate in the building. On June 19, 2018, Troy's zoning board denied Adam's application. The Justice Department investigated and subsequently filed suit.

The judge's opinion quoted from RLUIPA's legislative history, noting that, "RLUIPA was enacted to protect assemblies like Adam from discrimination in zoning laws that 'lurks behind such vague and universally applicable reasons as traffic, aesthetics, or 'not consistent with the city's land use plan.''" The opinion also noted that, "Adam has searched for a suitable property for many years and purchased the Property at issue here at great cost ...", and that Troy had "...no compelling governmental interest in prohibiting Adam, a religious place of assembly, from operating from the Property."

This case was litigated by Assistant United States Attorneys Shannon Ackenhausen and Susan DeClercq of the United States Attorney's Office for the Eastern District of Michigan as well as trial attorneys from the Civil Rights Division's Housing and Civil Enforcement Section.

RLUIPA is a federal law that protects religious institutions from unduly burdensome or discriminatory land use regulations. In June 2018, the Justice Department announced its Place to Worship Initiative, which focuses on RLUIPA's provisions that protect the rights of houses of worship and other religious institutions to worship on their land. More information is available at www.justice.gov/crt/placetoworship.

The Civil Rights Unit of the U.S. Attorney's Office for the Eastern District of Michigan was established in 2010 with the mission of prioritizing federal civil rights enforcement. For more information on the Office's civil rights efforts, including a copy of the court's opinion and order, please visit https://www.justice.gov/usao-edmi/programs/civil-rights.

Individuals who believe they have been subjected to discrimination or experienced a civil rights violation can submit a complaint with the U.S. Attorney's Office by email at usamie.civilrights@usdoj.gov or by phone at (313) 226-9151. Complaints can also be submitted to the Civil Rights Division through its complaint portal.

**Component(s):**

USAO - Michigan, Eastern

Updated March 22, 2022

# Exhibit 3

## Chapter 79 - General Building Regulations

8.1     <u>Adoption of Code by Reference</u>. Pursuant to the provisions of Section 3(k) of Act 270 of 1909, State of Michigan, as amended, Michigan Complied Laws 117.3(k) and Section 8a of Act 230 of 1972, State of Michigan, as amended, Michigan Complied Laws 125.1508a, the State of Michigan Building Code is hereby adopted by reference by the City of Troy for the purpose of regulating the erection, construction, alteration, addition, repair, removal, demolition, use, location, occupancy and maintenance of all buildings and structures, and shall apply to existing or proposed buildings and structures in the City of Troy. A complete copy of the code is available for inspection at the office of the Troy City Clerk.

    (Rev. 07/23/2001)

8.2     <u>Changes in Code</u>. The following sections and sub-sections of the Michigan Building Code are hereby amended or deleted as set forth and additional sections and sub-sections are added as indicated. Subsequent section numbers used in this Chapter shall refer to the like numbered sections of the Michigan Building Code. The following article, Sections and sub-sections are numbered to conform to the numbering in the Michigan Building Code.

    (Rev. 07/23/2001)

116.0     <u>Board of Appeals</u>.

    (Rev. 07/23/2001)

116.1     <u>Application for Appeal</u>. The owner of a building or structure or any other person may appeal from a decision of the building official refusing to grant a modification of the provisions of the building regulation enacted by the City Council, including but not limited to, the Michigan Building Code, the Michigan Rehabilitation Code for Existing Buildings, the Troy Fire Prevention Code, Michigan Electrical Code, Michigan Plumbing Code, Michigan Mechanical Heating Code, Troy Property Maintenance Code, Fence Ordinance, Troy Sign Ordinance, but not including the Troy Zoning Ordinance, covering the manner of construction or materials to be used in the erection, alteration or repair of a building or structure to the Board of Appeals. Application for appeal may be made when it is claimed that: the true intent of the building regulations, as listed above, adopted to regulate the construction or occupancies of buildings, or the rules legally adopted there under have been incorrectly interpreted, the provisions of the building regulations do not fully apply, or an equally good or better form of construction can be used.

    (Enacted: 10/05/2009; Effective: 01/01/2010)

116.2     <u>Membership of the Board</u>. The Board of Appeals shall consist of the following: 1. The City Manager. 2. A Representative of the Oakland County Health Department. 3. Three residents of the City of Troy who shall have a background, training or experience in construction or similar trades, at least one shall be a professional structural or civil engineer of architectural engineering experience. The residents shall be appointed by the City Council for a period of five (5) years.

**Chapter 79 - General Building Regulations**

(Enacted: 10/05/2009; Effective: 01/01/2010)

116.2.1   <u>Absence of Members</u>. During absence of a member by reason of disability or disqualification, the City Council shall designate a qualified substitute.

(Rev. 07/23/2001)

116.2.2   <u>Compensation of Board of Appeals</u>. Compensation of appointed members of the board shall be determined by the City Council.

(Rev. 07/23/2001)

116.3   <u>Public Hearing</u>. All hearings shall be public; and the appellant, his representative, the official of the municipality and any other person whose interests may be affected by the matter on appeal, shall be given an opportunity to be heard; it shall be the rule in cases heard for variance to Chapter 83, Fences, to notify all owners of record or property within 300 feet of the premise in question, such notices to be delivered personally or by mail addressed to the respective owners at the address given in the last assessment roll. The Board may require any party applying to the Board for relief to give such notice to other interested parties as it shall prescribe.

(Rev. 07/23/2001)

116.4   <u>Records of the Board</u>. Minutes of each meeting shall be kept in accordance with the Open Meetings Act, Public Act 267 of 1975 (MCL 15.261 et. seq.), and provided to City Council upon approval.

(Enacted: 10/05/2009; Effective: 01/01/2010)

## ARTICLE 25
## MECHANICAL CODE

2500.0   <u>Adoption of Code by Reference</u>. Pursuant to the provisions of Section 3 (k) of Act 279 of 1909 State of Michigan, as amended, Michigan Complied Laws 117.3(k) and the Michigan Mechanical Code is adopted herein by reference by the City of Troy for the purpose of governing the requirements for the design and installation of H.V.A.C. systems is building in the City of Troy. Complete and printed copies of the Michigan Mechanical Code are available for public use and inspection at the office of the City Clerk.

(Rev. 07/23/2001)

## ARTICLE 27
## ELECTRICAL WIRING AND EQUIPMENT
## SECTION 2700.0 GENERAL

2700.0.   <u>Code Adopted</u>. Pursuant to the provisions of Section 3 (K) of Act 279 of 1909, State of Michigan, as amended, Michigan Complied Laws 117.3(k) and Section 8a of Act 230 of 1972, State of Michigan, as amended Michigan Complied Laws

## Chapter 79 - General Building Regulations

125.1508a, the State of Michigan Electrical Code is hereby adopted by reference by the City of Troy, for the purpose of regulating the installation, alteration, repair, conversion, use and maintenance of all electrical wiring for light, heat and power, service equipment for radio and television receiving systems, alarm systems and all alterations or extensions to existing wiring systems in or on buildings and structures to insure safety. A complete copy of the code is available for inspection at the office of the Troy City Clerk.

(Rev. 06-18-2001)

2700.1   Fees for the issuance of electrical wiring and equipment permits and for inspections required under the provisions of this Ordinance shall be paid to the City Treasurer.

The amount of such fees shall be established by resolution of the City Council and shall cover the cost of inspection and supervision resulting from the enforcement of this Ordinance.

(Rev. 06-18-2001)

## ARTICLE 28
## PLUMBING CODE

2800.0   Code Adopted. Pursuant to the provisions of Section 3(k) of Act 279 of 1909, State of Michigan as amended, Michigan Complied Laws 117.3(k) and the Michigan Plumbing Code, is hereby adopted by reference by the City of Troy for the purpose of governing the requirements for the design and installation of plumbing systems, including sanitary and storm drainage, sanitary facilities, water supplied, and storm water and sewer disposal in building in the City of Troy. Complete and printed copies of the Michigan Plumbing Code are available for public use and inspection at the office of the City Clerk.

(Rev. 07/23/2001)

Adoption of Code by Reference. Pursuant to the provisions of Section 3(k) of Act 270 of 1909, State of Michigan, as amended, Michigan Complied Laws 117.3(k), the State of Michigan Residential Building Code is hereby adopted by reference by the City of Troy for the purpose of regulating the erection, construction, alteration, addition, repair, removal, demolition, use, location, occupancy and maintenance of all one and two family buildings and structures, and shall apply to existing or proposed one and two family buildings and structures in the City of Troy. A complete copy of the code is available for inspection at the office of the Troy City Clerk.

(Rev. 07/23/2001)

## ARTICLE 29
## PENALTIES FOR VIOLATIONS

2900   Except as otherwise provided in other sections or articles of this Chapter, a violation of any section, article or provision of Chapter 79 is a Municipal Civil Infraction subject to the provisions of Chapter 100 of the Code of the City of Troy. Each day that a violation continues is a separate Municipal Civil Infraction violation. Sanctions for each violation of Chapter 79 shall include a fine of not more than $500, costs, damages and injunctive orders as authorized by Chapter 100.

*(03/01/2006)*